### RAWLS v. UNITED STATES.

No. 3580.

Circuit Court of Appeals, Tenth Circuit.

Feb. 28, 1948.

See, also, 162 F.2d 798.

Pierpont Fuller, Jr., of Denver, Colo., for appellant.

Cleon A. Summers, U. S. Atty., of Muskogee, Okl. (Paul W. Gotcher, Asst. U. S. Atty. of McAlester, Okl., on the brief), for appellee.

Before PHILLIPS, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Edgar Lee Rawls, has appealed from an order of the United States District Court for the Eastern District of Oklahoma denying his application for a writ of error coram nobis to set aside and vacate the judgment and sentence in question.

Petitioner entered a plea of guilty to each of two counts of an information filed against him in the above Court charging him respectively with having entered a bank, insured by the Federal Deposit Insurance Corporation, to commit larceny therein and with having carried away $162.00, the property of such bank. He pleaded guilty and was sentenced to a term of ten years on count one and five years on count two, the sentences to run consecutively. At the time he was arrested and the above proceedings took place, he was on parole from the State of Oklahoma on a life sentence.

Appellant's petition for the writ and this appeal are predicated on the one proposition that the Federal Court was without jurisdiction to convict and sentence him, because at that time he was under the jurisdiction of the State of Oklahoma under his life sentence imposed in the Courts of that state.

Under our dual system of State and Federal Courts, questions were bound to arise as to the exercise of concurrent jurisdiction of each set of Courts to the custody of a defendant who had violated the laws of each sovereign and subject him to its judicial process. The orderly administration of justice in the Courts of each of the two sovereigns was secured by the adoption and recognition of the rule of comity. Under this rule, the sovereigns have in effect agreed that the one first acquiring custody of the defendant must be permitted to exhaust its remedy against him before the other will exercise its jurisdiction over the same defendant. But this rule of comity does not destroy the jurisdiction of the other sovereign, it only requires it, in the interest of orderly administration of justice, to postpone the exercise of its jurisdiction by not taking the defendant into custody until the first sovereign is through with him.

It is, however, well settled by all of the authorities that the sovereign first acquiring the custody of a defendant may relinquish him to the other sovereign before it has exhausted its remedy against him for prosecution in its Courts and that defendant may not complain thereof. This is so because the rule of comity confers no rights upon a defendant which he would not have in the absence of such rule. There is no showing in the record that Oklahoma objected to the Federal Court taking the defendant into custody, while on parole, for the purpose of trial in that Court. The record is entirely silent on that point. It has been held repeatedly that there is a presumption that officers will act lawfully and that in the absence of an affirmative showing of unlawful conduct on their part, the presumption is that the first sovereign consented to the exercise of such jurisdiction.

In Hebert v. State of Louisiana, 272 U.S. 312, 315, 47 S.Ct. 103, 104, 71 L.Ed. 270, 48 A.L.R. 1102, the Supreme Court said: "In the absence of any showing to the contrary, and there is none, it properly may be assumed that the United States acquiesced in their arrest and trial on the accusation under the state law, notwithstanding they were then on bail awaiting trial in the federal court on the indictment pending there."[1]

In the absence of any showing that the State of Oklahoma objected to the exercise of the Federal Court's jurisdiction over the defendant while he was still under its jurisdiction, although on parole, the presumption is that it consented to the United States taking appellant into custo-

---

[1] Wall v. Hudspeth, 10 Cir., 108 F.2d 865; Vanover v. Cox, 8 Cir., 136 F.2d 442; Rosenthal v. Hunter, 10 Cir., 164 F.2d 949.

dy, trying him and executing the judgment entered against him.

█ But assuming, without deciding, that appellant is right in his contention that Oklahoma did not consent to the exercise of the Federal jurisdiction over appellant while he was on parole and still under State jurisdiction, he can gain no advantage thereby. Such conduct would not destroy the Federal jurisdiction so as to make its judgment void. The mere fact of the exclusive right of the one sovereign to exhaust its remedy against the defendant does not destroy the jurisdiction of the other sovereign if it takes custody of the defendant and exercises its jurisdiction over him. It only gives the offended sovereign the right, under the law of comity to object to the interference of its jurisdiction of the person of the accused until it has exhausted its remedy against him. The sovereign alone may raise the objections to the interference with its rights. The accused can not because the rule of comity gives him no additional rights. If he has violated the laws of both sovereigns, he is subject to prosecution by both, and he may not complain of or choose the manner or order in which each sovereign proceeds against him so long as his constitutional rights in each trial are not violated.

In the Hebert case, supra, the Supreme Court said: "Certainly, if the United States was not objecting, the fact that the accused were thus on bail awaiting trial in the federal court presented no obstacle to the arrest under the process of the state court as a means of acquiring jurisdiction of their persons."[2]

Neither Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879, nor Grant v. Guernsey, 10 Cir., 63 F. 2d 163, upon which appellant relies, sustain his position. The Ponzi case merely held that the consent of the attorney general to the surrender of a federal prisoner to the state for prosecution in its Court constituted consent by the United States, and that, therefore, there was no violation of the rule of comity. It did not intend to pass upon the rights of the defendant to object if the state had obtained custody of him without the consent of the Federal Government because that issue was not in the case.

In the Guernsey case, Guernsey was indicted in the United States District Court for the District of Kansas for Federal law violations. He pleaded guilty and was sentenced to a term of three and one-half years and was then placed on probation for the term of the sentence. While thus on probation, he was arrested by the county attorney of Montgomery County, Kansas, for prosecution in the State Courts. Guernsey protested that he was under the jurisdiction of the Federal Court and that the state action was an interference with the Federal jurisdiction. When this protest was ignored, he began a habeas corpus action in the Court of the Federal Judge who had placed him on probation. The hearing on the petition for the writ was held before the Federal Judge who had placed Guernsey on probation and who had continuing jurisdiction over him. He ordered his discharge. Thus it is clear that there was no consent to the surrender of Guernsey to the state by the Federal Judge who continued to exercise jurisdiction over him. On the other hand, it affirmatively appears that the Federal Judge having Guernsey under his jurisdiction objected to the interference with his jurisdiction.

Even though Guernsey could not himself have challenged the state's violation of the rule of comity in the absence of a consent to a waiver of the jurisdiction of the Federal Court, his petition for the writ did call the violation to the attention of the Federal Judge under whose jurisdiction he continued to remain, and he took appropriate action to register his disproval thereof. He had the power to protect his jurisdiction and could have taken independent action no matter how the violation was called to his attention.[3]

We find no error in the record and the decision appealed from is, therefore, affirmed.

[2] Stamphill v. Johnston, 9 Cir., 136 F. 2d 291; United States v. McDonnell, 7 Cir., 153 F.2d 919; Powell v. Sanford, 5 Cir., 156 F.2d 355; 22 C.J.S., Criminal Law, §§ 145, 146.

[3] 39 C.J.S., Habeas Corpus, § 25; United States v. Pendergast, D.C., 28 F.Supp. 601.