**CRAIG v. HUNTER, Warden.**

No. 3629.

Circuit Court of Appeals, Tenth Circuit.

April 14, 1948.

Byron R. White, of Denver, Colo., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S.

Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, HUXMAN. and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Floyd Russell Craig, has appealed from the judgment of the trial court discharging an order to show cause why a writ of habeas corpus should not be issued and dismissing his petition therefor.

On January 29, 1945, appellant was convicted in the State of Washington and was sentenced to fifteen years' confinement. He escaped from the institution in which he was confined and was arrested by the City Police of Monroe, Michigan, on June 16, 1946, and was being held for Washington Authorities. Apparently steps looking to extraditing appellant from Michigan and returning him to Washington had been taken when the United States Government took appellant into custody for prosecution for violation of the Dyer Act, 18 U.S.C.A. § 408, in the United States District Court for the Eastern District of Michigan. He entered a plea of guilty and was sentenced to two and one-half years' imprisonment at Leavenworth, Kansas. It is the validity of this sentnce which is involved in this appeal.

The trial court found that the complaint presented a question of comity between the Federal Government and the State; that the information in the case in the Eastern District of Michigan charged an offense against the laws of the United States and that the judgment and sentence in question was valid and lawful in all respects.

Three points are urged for reversal:

1. Appellant was deprived of his constitutional right to counsel at the time of his plea and sentence.

2. The jurisdiction of the State of Washington was exclusive and barred prosecution by the United States in the Federal Court for the Eastern District of Michigan.

3. Appellant was entitled to a hearing on his petition for habeas corpus.

722

The issue whether appellant was unlawfully denied his constitutional right to counsel at the time he entered his plea of guilty in the Michigan Federal Court was not presented to the trial court and may not, therefore, be urged for the first time on appeal,[1] and that question is not disposed of by this appeal.

Appellant's contention that the United States District Court in Michigan was without jurisdiction to try him because at the time he was subject to the jurisdiction of the State of Washington, is not well taken. In the recent case of Rawls v. United States, 10 Cir., 166 F.2d 532 decided February 28, 1948, we held that the question of conflicting jurisdiction between a State and a Federal Court arose under the rule of comity and conferred no rights whatever upon a defendant who had violated the laws of both sovereigns, and that that was even so if the one sovereign took jurisdiction of the defendant in violation of the rights of the other sovereign and over its protest.[2] Only the offended sovereign could raise the question by asserting its prior rights to the possession of the defendant in an appropriate proceeding.

An attempt was made at the time of the argument of this case to distinguish the Rawls case on the ground that this case did not strictly arise under the rule of comity because Michigan, from whom the United States took appellant, claimed no right to his possession. The fact, however, still remains that if anyone's rights to the possession of appellant were infringed, it was the right claimed by Washington. The conflict between it and the United States, if any, would arise under the rule of comity and it alone could complain.

It is pointed out that Washington, by filing its detainer with the Federal Authorities, has evidenced its protest to the interference with its prior jurisdiction. We are rather of the view that it is more reasonable to conclude that such detainer evidences acquiescence. The effect of the detainer is to say that Washington wants appellant returned to it when he has completed his term in the Federal Penitentiary. But even though the detainer be construed as a protest, it gives appellant no standing in this case as it is for Washington alone to pursue its protest if its action is to be considered as such.

Finally it is urged that the court erred in refusing the appellant a hearing on his petition. It is a well recognized practice to issue a show cause order and permit respondent to reply thereto in cases which present only questions of law and where it appears on the face of the papers that there is no material fact involved.[3] There were no disputed issues of fact in this case and no useful purpose would have been served by issuing the writ.

Affirmed.

---

[1] Curtis v. Rives, 75 U.S.App.D.C. 66, 123 F.2d 936; Goodman v. Kunkle, 7 Cir., 72 F.2d 334; Remaley v. Swope, 9 Cir., 100 F.2d 31.

[2] See also cases cited in the Rawls case, supra.

[3] Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Ex parte Quirin, 317 U.S. 1, 63 S.Ct. 1, 87 L.Ed. 3.