## STRIPLING v. UNITED STATES.

### No. 3777.

United States Court of Appeals Tenth Circuit.

Feb. 2, 1949.

Mark H. Adams, of Wichita, Kan., for appellant.

Max M. Bulkeley, U. S. Atty., of Wray, Colo., and Joseph N. Lilly, Asst. U. S. Atty., of Denver, Colo., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

Stripling has appealed from an order denying a motion to vacate a judgment.

On October 23, 1938, Stripling was sentenced by the district court of Wilson County, Kansas, to serve a term of not less than four nor more than forty years in the Kansas State penitentiary. On February 1, 1943, he was released on parole from the state penitentiary. On November 24, 1947, he duly filed, in the United States District Court for the District of Colorado, a written waiver of indictment, counsel, and trial by jury, and a consent to be charged by information with a violation of 18 U.S.C.A. § 408 [now §§ 2311–2313]. On the same day, an information was filed against him charging him with the transportation of a stolen motor vehicle on July 14, 1947, from San Jose, California, to Denver, Colorado, knowing the same to have been stolen. He entered a plea of guilty to the information and was sentenced to the custody of the Attorney General for imprisonment for a term of three years from December 8, 1947. The motion to vacate challenged the jurisdiction of the Federal court on the ground that, at the time he was charged and sentenced in the Federal court, he was in the constructive custody of the State of Kansas.

There was no proof that the State of Kansas did not consent to the Federal authorities taking custody of Stripling; and, since there is a presumption that public officers will act lawfully, it will be presumed that Kansas consented to the exercise of Federal jurisdiction, absent an affirmative showing to the contrary.[1]

[1] Rawls v. United States, 10 Cir., 166 F.2d 532, 533, and cases there cited; Hebert v. Louisiana, 272 U.S. 312, 315, 316, 47 S.Ct. 103, 71 L.Ed. 270, 48 A. L.R. 1102.

Moreover, even if Kansas did not consent, the Federal court acquired jurisdiction over the person of Stripling, and its judgment was valid; and, if the United States, by exercising jurisdiction over the person of Stripling, violated the well-recognized rule of comity between sovereigns, only Kansas can object. Stripling, who violated the laws of both sovereigns, may not complain.[2]

Affirmed.

---

[2] Rawls v. United States, 10 Cir., 166 F.2d 532, 533, and cases there cited; Craig v. Hunter, 10 Cir., 167 F.2d 721, 722.

