**VANDERPOOL v. HUNTER, Warden.**

No. 3938.

United States Court of Appeals
Tenth Circuit.

Oct. 31, 1949.

Rehearing Denied Dec. 7, 1949.

Horace B. Van Valkenburgh, III, New York City, for appellant.

Malcolm Miller, Asst. U. S. Atty., Topeka, Kan. (Lester Luther, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order discharging a writ of habeas corpus. Vanderpool,[1] having been convicted of a violation of 18 U.S.C.A. § 320 [now § 2114], on September 16, 1938, was sentenced to imprisonment for a term of ten years. On April 19, 1945, he was conditionally released by the United States Board of Parole. On August 18, 1945, he was arrested on a charge

1. Hereinafter called petitioner.

of violating 18 U.S.C.A. § 408 [now §§ 2311–2313]. While being held on that charge, he was surrendered by the United States to the State of Arkansas. On January 8, 1946, he was sentenced to three years in the Arkansas State Penitentiary. Reliable information having been presented to a member of the United States Board of Parole that petitioner had violated his parole, such member issued a parole violator's warrant for the arrest and return of petitioner to the institution designated therein. On January 14, 1947, petitioner was released from the State Penitentiary. On the same day, he was arrested by a United States marshal on the parole violator's warrant. On March 17, 1947, the Board of Parole, after a hearing, entered its order revoking petitioner's parole and directing that he serve the remainder of his original sentence.

■ Petitioner, having violated the criminal law of the State of Arkansas, cannot complain because the United States surrendered him to the custody of the State of Arkansas for trial and punishment.[2] Either the Federal or the state government may voluntarily surrender its prisoner to the other without the consent of the prisoner. Whether jurisdiction and custody of a prisoner shall be retained or surrendered depends wholly on the practice of comity between the two sovereigns.[3] Where a Federal prisoner, while under conditional release from the United States Board of Parole, violates a state penal statute and is tried, convicted, and sentenced to a state institution, his confinement in the state institution is attributable to the state sentence. His rights and status with respect to the Federal sentence are analogous to those of an escaped convict and he is not entitled to have his service under the state sentence credited on the Federal sentence.[4]

■ Petitioner having not fully served the remainder of his Federal sentence, the writ was properly discharged.

Affirmed.

2. Rawls v. United States, 10 Cir., 166 F. 2d 532, 534; Stripling v. United States, 10 Cir., 172 F.2d 636, 637; Ponzi v. Fessenden, 258 U.S. 254, 260, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879.

3. Wall v. Hudspeth, 10 Cir., 108 F.2d 865, 866; Rosenthal v. Hunter, 10 Cir., 164 F.2d 949, 950; Ponzi v. Fessenden, 258 U.S. 254, 262, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879.

4. Groce v. Hudspeth, 10 Cir., 121 F.2d 800, 802; Adams v. Hudspeth, 10 Cir., 121 F.2d 270, 272; Aderhold v. Ashlock, 10 Cir., 99 F.2d 67, 68; Zerbst v. Kidwell, 304 U.S. 359, 361, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808.