**MITCHELL v. BOEN, United States Marshal.**

**No. 4382.**

United States Court of Appeals Tenth Circuit.

Feb. 8, 1952.

Robert B. Palmes, Denver, Colo. (James B. Reed, Denver, Colo., on the brief) for appellant.

J. W. Crawford, Muskogee, Okl. (Cleon A. Summers, U. S. Atty. and Paul Gotcher, Asst. U. S. Atty., Muskogee, Okl., on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, J. C. Mitchell, has appealed from an order discharging a writ of habeas corpus entered by the trial court July 16, 1951.

The County Jail of Tulsa County, Oklahoma, was used as a federal jail for federal prisoners. The Sheriff of Tulsa County had supervision and control of federal prisoners placed in his jail and kept the records therefor the same as of state prisoners. On April 21, 1942, appellant was delivered to the Sheriff of Tulsa County as a federal prisoner, charged with a Dyer Act violation. 18 U.S.C.A. §§ 10, 2311–2313. He was released on bond on the same day. On June 19, 1942, he was again arrested as a Dyer Act violater, and placed in the County Jail as a federal prisoner. He was again released on bond. On September 12, 1942, he was arrested by the state authorities on a larceny charge and placed in the same jail as a state prisoner. On October 19, 1942, he was released to the United States Marshal, who brought him into Federal Court for trial, where he pled guilty to the Dyer Act charges. He received a sentence of four years on each count, the sentences being made to run concurrently. The judgment directed that appellant be "committed to the custody of the Attorney General for imprisonment in an institution of the type to be designated by the Attorney General." The judgment recommended the Leavenworth, Kansas, Federal Penitentiary. After sentence in the Federal Court, appellant was returned to the custody of the County Sheriff and remained in the County Jail until December 8, 1942, when he was sentenced in the State Court to a term of fifteen years in the State Penitentiary. He was removed to the State Penitentiary to serve that sentence. The federal authorities placed a detainer against him with the state authorities and, when he completed that sentence, he was delivered to R. E. Boen, United States Marshal, to carry out the mandate of the federal sentence.

This action was brought for release from the custody of the marshal, on the ground that the federal sentence had run, or that, in any event, the Federal Government had lost jurisdiction over appellant.

Appellant's theory centers around his contention that the marshal was directed to deliver him to the Attorney General for confinement in a federal penitentiary for service of his federal sentence; that he had no power or authority to deliver him to the state authorities and that failure to carry out the express mandate of the court did not interrupt the running of that sentence.

The trial court found that appellant remained in the custody of the state authorities from the time of his arrest by them on September 12, 1942, until December 8, 1942, when he was sentenced in the State Court; that he was permitted to be taken from the County Jail to the Federal Court-

house to be tried on the federal charges and that, after the sentences in the Federal Court, he was returned to the County Jail by the marshal and that no state officer was present with the prisoner and the marshal, when he was so returned; that after his return, he was held as a state prisoner, awaiting prosecution on a state charge. The court further found that the Federal Government had notice that the state had custody of appellant after he was sentenced in the Federal Court and that there was no evidence showing that the Federal Government objected to such custody.

These findings find ample support in the record. After appellant was incarcerated in the State Penitentiary, he wrote a letter to the United States District Attorney, who had prosecuted him on the federal charge, requesting him to use his influence in arranging that the federal sentences run concurrently with the state sentence he was then serving. We think this not only sustains the court's finding that the United States Government knew that the state was exercising control over appellant, but also that appellant knew this.

█ It is doubtful whether the Federal Government could have demanded possession of appellant after he was arrested on the state charge, so long as his bonds on the federal cases were not cancelled. In any event, the record is devoid of any evidence that it did object and demand possession of appellant. In the absence of any objection on the part of the Federal Government, the state in any event had the right to arrest him and exercise jurisdiction over him.[1] We think it is clear from the record that the Federal Government recognized the right of the state to prosecute him for the state offense and exhaust its jurisdiction over him, before surrendering him to the Federal Government and that it requested only that the state surrender its possession temporarily for the purpose of trying him in the Federal Court and then to be returned to the jurisdiction of the state. Had this

not been so, the Federal Government no doubt would have lodged a demand for his surrender, instead of merely placing a detainer against him with the state authorities.

█ But even if we should assume, without so deciding, that the state violated a duty it owed to the Federal Government under the rule of comity, appellant would not be entitled to release, because he suffered no injury thereby. The sovereign alone may raise objections to the interference with its rights to the possession of a prisoner, under the rule of comity. So long as the prisoner owes a sentence of servitude to each sovereign, he may not complain of the manner in which he is required to serve it.[2]

Affirmed.

1. Hebert v. Louisiana, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270.

2. Rawls v. United States, 10 Cir., 166 F.2d 532; Stripling v. United States, 10 Cir., 172 F.2d 636; Vanderpool v. Hunter, 10 Cir., 177 F.2d 716.