**UNITED STATES of America ex rel. Roy Alton HELWIG**

v.

**G. R. KLOPFINSTEIN, Chief, Bureau of Probation & Parole, and J. B. Sherman, Warden.**

Civ. A. No. 14178.

United States District Court
W. D. Pennsylvania.

Jan. 12, 1956.

No counsel for any party.

GOURLEY, Chief Judge.

This is a loosely drawn petition prepared by a prisoner incarcerated in Erie County, Pennsylvania, within the jurisdiction of the court, praying for a writ of injunction and/or habeas corpus.

Petitioner avers that he is detained pursuant to an illegal warrant issued by the authorities of the State of Ohio and therefore is denied his constitutional rights.

Petitioner was sentenced May 17, 1948, by the State Court of Ohio. In May of 1953 petitioner was released to the federal authorities for confinement pursuant to a federal sentence. Said release was with the condition that petitioner be required to serve one year of parole under supervision of State of Ohio upon his release from federal confinement. Upon the termination of his federal sentence in March of 1954, he returned to his home but did not report to the Ohio parole authorities. He is now held in confinement under a warrant issued by Ohio authorities for failure to report pursuant to the condition of his parole.

The instant petition is predicated on the proposition that the State of Ohio is without jurisdiction to take petitioner into custody for violation of his parole since jurisdiction was severed and terminated at the juncture when Ohio had released petitioner to federal authorities for confinement.

He further contends that the imposition of a parole sentence by the State of Ohio to take effect upon termination of his federal sentence is illegal and void.

■ Under our dual system of State and Federal courts, questions are bound to arise as to the exercise of concurrent jurisdiction of each set of courts to the custody of a defendant who had violated the laws of each sovereign and subject him to its judicial process. Under the rule of comity, the sovereigns in effect have agreed that the one first acquiring custody of the defendant must be permitted to exhaust its remedy against him before the other will exercise its jurisdiction over the same defendant. But such rule of comity does not destroy the jurisdiction of the other sovereign, but only requires it, in the interest of orderly administration of justice, to postpone the exercise of its jurisdiction by not taking the defendant into custody until the first sovereign is through with him.

■ It is, however, well settled by all of the authorities that the sovereign first acquiring the custody of a defendant may relinquish him to the other sovereign before it has exhausted its remedy against him for prosecution in its courts and that a defendant may not complain therefore.

■ In the absence of any showing that State of Ohio objected to exercise of federal court's jurisdiction over the petitioner while he was still under its jurisdiction, the presumption is that it consented to the United States taking petitioner into custody, and executing the judgment entered against him. Rawls v. United States, 10 Cir., 166 F.2d 532, certiorari denied 334 U.S. 848, 68 S.Ct. 1498, 92 L.Ed. 1771.

■ Either the federal or state government may voluntarily surrender its prisoner to the other without the consent of the prisoner. Whether jurisdiction and custody of a prisoner shall be retained or surrendered depends wholly on the practice of comity between the two sovereigns. Vanderpool v. Hunter, 10 Cir., 177 F.2d 716; Myers v. Hunter, 10 Cir., 199 F.2d 662.

■ It is my judgment, therefore, that the State of Ohio did not lose jurisdiction over petitioner at such time as he was delivered to federal authorities for commitment.

I must further conclude that the imposition by Ohio authorities of a parole sentence to take effect from the date of release of petitioner from federal confinement is not void for indefiniteness. Kirk v. Squier, 9 Cir., 150 F.2d 3.

Petition for writ of injunction and/or habeas corpus will be refused.

An appropriate order is entered.