Walter L. HAYWARD, Appellant,

v.

Chesley H. LOONEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 5573.

United States Court of Appeals Tenth Circuit.

June 12, 1957.

William J. Donlon, Denver, Colo., for appellant.

Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan. (William C. Farmer, U. S. Atty., Topeka, was with him on the brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order dismissing an application for a writ of habeas corpus. Prior to June 6, 1951, Hayward was in the custody of the authorities of the State of Louisiana on a charge of possession of narcotics, and he was surrendered by the state authorities to the United States. On the date above mentioned, he was brought before the United States District Court for the Eastern District of Louisiana and entered a plea of guilty to a charge of forging and uttering a United States Treasury check in violation of 18 U.S.C.A. § 495. Thereupon, the Federal court imposed a sentence reading as follows:

"It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Three (3) years.

"It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the copy serve as the commitment of the defendant."

The judgment of the Federal court contained no reference to any state sentence and no recital as to the time of commencement of the Federal sentence.

On July 27, 1951, he was surrendered back by the Federal authorities to the Louisiana authorities and thereafter was sentenced by a state court to imprisonment for a period of five years. On September 22, 1955, he was released from the Louisiana State Penitentiary and was taken into custody by a United States Marshal, who delivered him to the United States Penitentiary at Leavenworth, Kansas, where he has since been confined under the Federal sentence.

It is the contention of Hayward that the Federal sentence commenced to run on June 6, 1951, and that it has expired.

Either the Federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner. Whether jurisdiction and custody of a prisoner shall be retained or surrendered is a matter of comity and is to be determined by the sovereign having custody.[1]

If the prisoner has violated the law of both sovereigns, he is subject to prosecution by both and he may not complain of or choose the manner or order in which each sovereign proceeds against him.[2]

While the record before us may not affirmatively show that the Attorney General of the United States authorized the return of Hayward to the state authorities, there is a presumption that public officers will act lawfully and it will be presumed that the return of Hayward to the state authorities was duly authorized, absent an affirmative showing to the contrary.[3]

1. Vanderpool v. Hunter, 10 Cir., 177 F.2d 716, 717; Rawls v. United States, 10 Cir., 166 F.2d 532, 534; Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607; Stamphill v. United States, 10 Cir., 135 F.2d 177, 178.

2. Rawls v. United States, 10 Cir., 166 F.2d 532, 534; Stripling v. United States, 10 Cir., 172 F.2d 636, 637.

3. Stripling v. United States, 10 Cir., 172 F.2d 636; Rawls v. United States, 10 Cir., 166 F.2d 532, 533; Hebert v. State of Louisiana, 272 U.S. 312, 315, 316, 47 S.Ct. 103, 71 L.Ed. 270.

18 U.S.C.A. § 3568 provides:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

"If any such person shall be committed to a jail or other place of detention to wait transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term."

 It is well settled that when a state surrenders a prisoner to the Federal government for the purpose of trial on a Federal charge and upon conviction and sentence in the Federal court, the Federal authorities surrender custody of the prisoner back to the state authorities for trial or imprisonment, without the prisoner having been received at a Federal penal institution for service of his Federal sentence, the Federal sentence does not begin to run until such time as the prisoner is returned to Federal custody and received at the Federal penal institution for service of his Federal sentence.[4]

Here, Hayward was not committed to a jail or other place of detention to await transportation to the place at which his sentence was to be served. He was detained only for surrender back to the custody of the state authorities.

Smith v. Swope, 9 Cir., 91 F.2d 260 is distinguishable from the instant case. There, the order of commitment issued by the Federal court directed the Marshal " * * * to take and keep and safely deliver the said Carey S. Smith into the custody of the Keeper or Warden * * * of said U. S. Penitentiary forthwith." In disobedience to the order of the Federal court the Marshal delivered the prisoner to state authorities. Here, neither the sentence nor the commitment directed the Marshal forthwith to deliver Hayward to the Warden of the Penitentiary, and the fact is that he was placed in the custody of the Marshal for surrender back to the state authorities.[5]

The order is affirmed.

---

4. Rohr v. Hudspeth, 10 Cir., 105 F.2d 747, 749; Lunsford v. Hudspeth, 10 Cir., 126 F.2d 653, 657; Zerbst v. McPike, 5 Cir., 97 F.2d 253, 254.

5. See Lunsford v. Hudspeth, 10 Cir., 126 F.2d 653, 656.