**In re Alex YOUNG, Petition for Writ of Habeas Corpus.**

Civ. A. No. 23609.

United States District Court
E. D. Michigan, S. D.

May 31, 1963.

The United States was represented by U. S. Atty. Lawrence Gubow (by Asst. U. S. Atty. Robert H. Pytell).

The petition was filed pro se.

McCREE, District Judge.

On March 7, 1963, Alex Young, a prisoner in the Federal Correctional Institution, Milan, Michigan, petitioned this court for a writ of habeas corpus and for leave to proceed in forma pauperis. Permission to proceed in forma pauperis was granted and an order to show cause was issued. Petitioner is serving a one and one-half year sentence for unlawful possession of an unemployment check. Immediately prior to his incarceration in the Federal Prison, petitioner had served a one year term in the Ohio State Penitentiary for forgery.

Petitioner contends in his petition, drafted without the assistance of counsel, that his federal sentence commenced the moment it was pronounced by the United States Court and that the federal authorities, by delivering him to the state authorities for the service of the state sentence immediately following the pronouncement of the federal sentence, "illegally interrupted the service of his sentence and are compelling him to serve said Federal [sentence] on an installment basis which is contrary to law and due process."

Upon receipt of the petition, an order to show cause was issued. At a hearing thereon held March 29, 1963, in the absence of petitioner, the United States Attorney represented that at the time of the pronouncement of petitioner's federal sentence, petitioner had been informally "borrowed" from the state authorities for the purpose of sentencing and that under Title 18, Section 3568, U.S.C., petitioner's sentence did not commence until he had completed his state sentence. This court thereupon requested the United States Attorney to document the facts regarding petitioner's arrest, conviction and sentences in the state and federal courts.

Accordingly, the United States Attorney furnished the court with a transcript of the proceedings at the arraignment on the information, November 17, 1961, and at the sentencing on January 2, 1962 before the Honorable Charles J. Mc-Namee, United States District Judge for the Northern District of Ohio, Eastern Division; a copy of the Judgment and Commitment in the United States District Court; a copy of the Docket Entries in the United States District Court; a copy of the Docket Entries in the Common Pleas Court of Cuyahoga County, Ohio; and an affidavit of the Deputy United States Marshal relating to the manner and form of custody exercised by him over the person of Alex Young.

On April 9, 1963, a proposed stipulation of facts was sent to the petitioner for his approval. In a letter to the court dated April 10, 1963, the petitioner agreed that on January 12, 1962, he was in the custody of the state authorities and was turned over to the United States Marshal for the purpose of sentencing and that on January 26, 1962, he was admitted to the custody of the Ohio State Penitentiary. However, petitioner declined to sign the stipulation of facts maintaining that as a consequence of his sentence in the United States Court on January 12, 1962, he commenced service of the Federal sentence which was illegally interrupted when he was returned to state custody.

The court makes the following findings of fact, based upon the documents submitted to the court:

1. On August 23, 1961, the Cuyahoga County, Ohio, Grand Jury indicted Alex Young on a charge of forgery.

2. On August 29, 1961, Alex Young was arraigned on the indictment in the Cuyahoga Common Pleas Court and entered a plea of not guilty.

3. On November 17, 1961, Alex Young waived indictment on a charge of unlawful possession of stolen mail and pleaded guilty to an information before the Honorable Charles J. Mc-Namee, in the United States District Court for the Northern District of Ohio in Cleveland.

4. On December 2, 1961, a Writ of Capias was issued by Cuyahoga County, Ohio Court of Common Pleas for the arrest of Alex Young.

5. On December 4, 1961, Alex Young was arrested and placed in the custody of the Cuyahoga County, Ohio Sheriff.

6. On December 6, 1961, the Common Pleas Court of Cuyahoga County, Ohio appointed counsel for Young at Young's request.

7. On December 12, 1961, Alex Young entered a plea of guilty on the charge of forgery in the Court of Common Pleas, Cuyahoga County, Ohio.

8. On January 12, 1962, Alex Young was in the custody of the Cuyahoga County, Ohio Sheriff and was released to the custody of the United States Marshal for the purpose of sentence by United States District Judge Charles J. McNamee. The judgment and commitment order read: "It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of one and one-half (1½) years." There was no mention of any state custody or the time of commencement of the federal sentence in the court proceedings or in the judgment and commitment. On the same day, as soon as he had been sentenced, the defendant was returned to the custody of the Cuyahoga County Sheriff.

9. On January 19, 1962, Alex Young was sentenced by Judge John V. Corrigan of the Common Pleas Court, Cuyahoga County, Cleveland, Ohio to an indeterminate period in the Ohio Penitentiary.

10. On January 10, 1963, Alex Young was released to the custody of the United States Marshal at Columbus, Ohio.

Title 18, Section 3568, U.S.C.A. provides:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

"If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention."

From the undisputed facts, it appears that petitioner was in state custody on January 12, 1962, pursuant to the Writ of Capias issued by the Ohio Common Pleas Court on December 2, 1961. The primary jurisdiction of the State of Ohio was not relinquished on January 12, 1962. Petitioner was returned by the federal authorities immediately after the pronouncement of his sentence merely for the purpose of surrendering him to the authority of the State of Ohio. Petitioner was not held on January 12, 1962, to wait transportation to the place at which his federal sentence was to be served, and therefore his federal sentence did not commence to run at that time. See Hayward v. Looney, 246 F.2d 56 (10th Cir. 1957).

Perhaps if the formal procedure of habeas corpus ad prosequendum had been employed to remove the prisoner from state custody to the United States Court for the purpose of sentencing instead of the informal procedure of "borrowing", the prisoner would not have felt it necessary to press for an adjudication of his status.

Nevertheless, in a similar case it was held that a prisoner in state custody, "borrowed" by the federal authorities

for the purpose of trial which resulted in the imposition of a federal sentence, was not thereby removed from state custody to which he was returned following the pronouncement of sentence. The federal sentence began to run only from the date the state authorities released him unconditionally to federal custody. Zerbst v. McPike, 97 F.2d 253 (5th Cir. 1938).

The prisoner's petition is denied. An appropriate order may be presented in accordance with this Opinion.