**Alfred James WILLIAMS, Jr., Petitioner,**

v.

**J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Respondent.**

No. 3516.

United States District Court
D. Kansas.

Aug. 21, 1963.

James Dahl, Kansas City, Kan., for petitioner.

Benjamin E. Franklin, Asst. U. S. Atty., for respondent.

WESLEY E. BROWN, District Judge.

This matter came on for hearing before the court on the petitioner's application for a writ of habeas corpus. The case was heard July 26, 1963 and the court, after hearing the evidence, statements of counsel and the petitioner, took the matter under advisement to enable the parties to submit memorandum of authorities and their contentions in written briefs. The petitioner was present in person and by his attorney, James Dahl; the Warden was present by his attorney, Benjamin E. Franklin.

## QUESTION INVOLVED

The question involved in the present case is whether under 26 U.S.C. § 7237 (d) the sentencing court suspended the "imposition or execution of [such] sentence" by returning petitioner to the Texas authorities to serve the balance of his Texas sentence after he had been sentenced by the federal court.

## FINDINGS OF FACT

The petitioner was sentenced on September 4, 1957 by the United States District Court for the Northern District of Texas to the term of ten years for violation of the Narcotic Act as a second offender. The petitioner pled guilty after he was taken under a writ of habeas corpus ad prosequendum before the court. He entered his plea of guilty to the violation of 21 U.S.C. § 174, the Narcotic Drug Import and Export Act and was sentenced as a second offender under the terms of 26 U.S.C. § 7237(d) to "imprisonment for a period of ten years, said sentence to begin after defendant has finished his sentence in the state prison at Huntsville, Texas."

On April 16, 1959, upon completion of his sentence at the Texas State Prison, petitioner was placed in federal custody for service of the federal offense and pursuant thereto, presently is confined at the federal penitentiary at Leavenworth, Kansas.

The sentence data record of the United States Penitentiary at Leavenworth, Kansas established that said petitioner's term including good time will not expire until January 21, 1966.

The evidence before this court further discloses that the petitioner has filed numerous applications before the trial court in the United States District Court for the Northern District of Texas and appealed to the United States Court of Appeals for the Fifth Circuit, Williams v. United States, 309 F.2d 890, attacking

the validity of the judgment and sentence of such United States District Court and that such applications have been duly considered and determined by that court adversely to petitioner.

## CONCLUSIONS OF LAW

It is petitioner's contention that he is being restrained of his liberty by reason of the fact that the sentencing court, by providing that the sentence should not commence to run until he had finished his sentence in the state prison, did so in direct violation of the congressional directive provided in 26 U.S.C. § 7237(d) that "the imposition or execution of sentence shall not be suspended * * *." Thus, petitioner contends because by court order execution of the sentence was suspended, the statutory provisions of 28 U.S.C. § 2255 were inadequate or ineffective because such sentence on its face was void.

With this contention of the petitioner we must disagree. 18 U.S.C. § 3568 provides:

> "The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence."

The provisions of 18 U.S.C. § 3568 and 26 U.S.C. § 7237(d) are not, in our opinion, repugnant to each other. As stated in Hayward v. Looney, 246 F.2d 56, CA 10 (1957).

> "Either the Federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner. Whether the jurisdiction and custody of a prisoner shall be retained or surrendered is a matter of comity and is to be determined by the sovereign having custody.

> "If the prisoner has violated the law of both [the state and federal government], he is subject to prosecution by both and may not complain of or choose the manner or order in which each sovereign proceeds against him."

It is our opinion that the execution of sentence was not suspended because the execution of such sentence did not commence to run until the petitioner was received at the penitentiary.

For the reasons stated it is by the court ordered that petitioner's application for writ of habeas corpus is denied.

It is so ordered.