**Robert Lamont LIONEL, Petitioner,**

v.

**Irl E. DAY, Warden FCI, El Reno, Oklahoma, Respondent.**

**No. CIV–76–0741–D.**

United States District Court, W. D. Oklahoma.

Dec. 16, 1976.

---

Robert Lamont Lionel, pro se.

David L. Russell, U. S. Atty., by Charles Lee Waters, Asst. U. S. Atty., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

The above-named petitioner a federal convict confined in the Federal Correctional Institution at El Reno, Oklahoma, has filed this proceeding for a writ of habeas corpus in which he claims that he is entitled to credit on the service of his federal sentences of 934 days spent in the custody of the State of Florida. From the court's examination of the files and records herein the following undisputed facts emerge:

On May 25, 1973, the petitioner was sentenced in the United States District Court for the District of Kansas to the custody of the Attorney General for a period of three years for the interstate transportation of stolen motor vehicle in violation of Title 18, United States Code, Section 2312. While serving his sentence in the Federal Correctional Institution at Ft. Worth, Texas, the petitioner on August 19, 1973, escaped from federal custody and while at liberty committed an offense against the laws of the State of Florida for which he was apprehended by state officers on October 25, 1973.

On January 29, 1974, petitioner was convicted of grand larceny on his plea of guilty in the Circuit Court Fourteenth Judicial Circuit, State of Florida and sentenced on March 5, 1974 to a term of six months to three years with the provision

that "this sentence to run concurrently with that sentence you are now serving in the Federal Penitentiary imposed upon you in the State of Texas." The Court further directed that he was to be given credit on the service of his sentence for 101 days jail time served in the County Jail of Bay County, Florida.

On March 7, 1974, the petitioner was borrowed by writ of habeas corpus ad prosequendum from the Florida authorities and returned to the United States District Court for the Northern District of Texas at Ft. Worth. On March 15, 1974, the petitioner then received a 13 month sentence for his escape from the Federal Correctional Institution at Ft. Worth and was thereafter returned to Florida to complete his state sentence. The petitioner was released by the State of Florida and delivered to federal authorities on March 31, 1976.

The petitioner's Sentence Computation Record prepared by the Bureau of Prisons shows inoperative time of 934 days as follows:

1. From and including 2–23–73 to and including 5–24–73;

2. From and including 3–29–74 to and including 3–30–76.

It is readily apparent that petitioner is seeking to receive credit for (1) all the time spent in escape status prior to his state arrest; (2) his Florida jail time; and (3) time spent in Florida custody subsequent to his state conviction.

 Such an extravagant claim is wholly without merit. The petitioner's escape from his federal custodian interrupted the service of his federal sentence and the intervening time between his escape and the retaking by federal authorities was properly not taken into account or allowed as a part of his term. *Anderson v. Corall,* 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247 (1923). An escapee cannot employ time spent in an escape status in tabulating the period of custody under his commitment. *Suggs v. Daggett,* 522 F.2d 396 (CA10 1975).

 The petitioner received credit on the service of his state sentence for the 101 days jail time accumulated after his state arrest and prior to his state conviction for grand larceny and he is not entitled to double credit by counting this time toward the service of his federal sentence. *Bruss v. Harris,* 479 F.2d 392 (CA10 1973).

 Finally the petitioner is not entitled to credit on his federal sentence for the time he spent in State prison, even though the sentence by the state court was made to run concurrently with the sentence he was then serving. *Hardy v. United States Board of Parole,* 443 F.2d 402 (CA9 1971). Obviously no comment or order by a state judge can control the service of a federal sentence.

 The petitioner has no standing in this proceeding to challenge custody arrangements with federal and state authorities. *Chunn v. Clark,* 451 F.2d 1005 (CA5 1971); *Stripling v. United States,* 172 F.2d 636 (CA10 1949). The question of jurisdiction and custody over prisoners is one of comity between governments and not a personal right of prisoners. *Jones v. Taylor,* 327 F.2d 493 (CA10 1964), cert. denied, 377 U.S. 1002, 84 S.Ct. 1937, 12 L.Ed.2d 1051; *Wall v. Hudspeth,* 108 F.2d 865 (CA10 1940). When a person violates the criminal statutes of both the federal and state governments he may not complain of the order in which he is tried or punished for such offenses, and the interested sovereigns may arrange the order of trial and punishment according to their convenience. *Vanover v. Cox,* 136 F.2d 442 (CA8 1943).

The petitioner's time to be served has been correctly computed by the Bureau of Prisons in full compliance with established law and accordingly the respondent's Motion to Dismiss will be granted and the Petition for Writ of Habeas Corpus dismissed.

IT IS SO ORDERED.