930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
George Lewis SLOAN, Plaintiff-Appellant,
v.
Jack COWLEY, Attorney General of the State of Oklahoma,
Defendants-Appellees.
 No. 90-5226.
 United States Court of Appeals, Tenth Circuit.
 March 28, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 On February 15, 1989, Petitioner-Appellant (hereinafter Petitioner), George Lewis Sloan, was convicted in the Northern District of Oklahoma, Case No. 88-CR-90-005-B, and sentenced to five years imprisonment. On March 1, 1989, he was convicted in Oklahoma state court of unlawful possession of narcotics with intent to distribute, Case No. CRF-87-14. He was sentenced to fifteen years imprisonment. The state court conviction is on appeal at this time.
 
 
 3
 Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Oklahoma, alleging the federal court lost jurisdiction of him because he was released into state custody for trial and then allowed to serve his state sentence before returning to federal custody. After reviewing the record, the district court concluded Petitioner lacked standing to challenge custody arrangements with federal and state authorities, and further, that Petitioner failed to state a habeas corpus claim. Petitioner now appeals to this court, presenting the same grounds for relief he argued to the district court. We affirm.
 
 
 4
 Petitioner contends that because he was transferred by writ of habeas corpus ad prosequendum from federal custody to state custody, his transfer was pursuant to the Interstate Agreement on Detainers Act (the "IADA"), 18 U.S.C.App. 2 Sec. 2, Art. I-IX (1988). In his brief, Petitioner states that "[s]ince Petitioner had already started his federal time, due process under IAD[A] was violated in several ways, but under any standards Petitioner should have been returned to federal custody immediately after receiving his sentence in state court."
 
 
 5
 In relation to the conclusions of law of the lower court, this court may exercise its independent judgment when there is no dispute regarding evidence. Murphy v. Turner, 426 F.2d 422, 423 (10th Cir.1970). In order to attack a federal sentence pursuant to a writ of habeas corpus, a federal prisoner must show: "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. Sec. 2255 (1988).
 
 
 6
 To find a violation of the IADA, a detainer must be lodged with the sending state. United States v. Mauro, 436 U.S. 340, 361 (1978), Greathouse v. United States, 655 F.2d 1032, 1033-34 (10th Cir.1981), cert. denied, 455 U.S. 926 (1982). A writ of habeas corpus ad prosequendum is not a detainer for purposes of the IADA. Mauro, 436 U.S. at 361. Additionally, a writ of habeas corpus ad prosequendum may not be considered a "written request for temporary custody" within the meaning of Art. IV of the IADA. Id. Since no detainer was issued in the present case causing the IADA to be invoked, Petitioner has no procedural due process rights pursuant to the IADA.
 
 
 7
 Petitioner further contends that "[i]n violation of federal and state law, the federal and state authorities have forced him to start and serve a little on his federal sentence only to stop and then start serving his state sentence, leaving the remainder of his federal sentence to be finished after the state releases him." Petitioner contends this creates a liberty interest for him.
 
 
 8
 As to this issue, we affirm the judgment of the district court for essentially the same reasons set forth in the Report and Recommendation of the United States Magistrate, namely, that Petitioner lacks standing to challenge custody arrangements between federal and state authorities. Stripling v. United States, 172 F.2d 636, 637 (10th Cir.1949). Therefore, there is no liberty interest. A copy of the United States Magistrate's report is attached.
 
 
 9
 Based on the foregoing, we reject the contentions that Petitioner's due process rights were violated and that a liberty interest was created. Petitioner fails to state a habeas corpus claim.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT FOR THE
 NORTHERN DISTRICT OF OKLAHOMA
 
 11
 GEORGE LEWIS SLOAN, Petitioner,
 
 
 12
 v.
 
 
 13
 JACK COWLEY and THE ATTORNEY GENERAL OF THE STATE OF
 
 
 14
 OKLAHOMA, Respondents.
 
 90-C-597-E
 
 15
 Aug. 1, 1990.
 
 REPORT AND RECOMMENDATION OF U.S. MAGISTRATE
 
 16
 JOHN LEO WAGNER, United States Magistrate.
 
 
 17
 Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 is now before the Magistrate for initial consideration. Petitioner was convicted in the Northern District of Oklahoma, Case Number 88-CR-90-005-B and sentenced to 5 years imprisonment on February 15, 1989. He was convicted in state court, Case Number CRF-87-14, of unlawful possession of narcotics with the intent to distribute and sentenced to 15 years imprisonment on March 1, 1989. Neither conviction was appealed.
 
 
 18
 Petitioner now attacks the federal court judgment and seeks federal habeas relief on the alleged ground that the federal court has lost jurisdiction of him, because he was released into state custody for trial and then allowed to serve his state sentence before returning to federal custody.
 
 
 19
 Because the petition is by a pro se litigant, its sufficiency must be judged by standards less stringent than those established for pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). The petitioner is in custody pursuant to a judgment of a state court, as required to seek habeas relief under 28 U.S.C. Sec. 2254, but he is challenging a federal conviction, which would constitute a claim pursuant to 28 U.S.C. Sec. 2255. The court finds that petitioner's petition should be interpreted as seeking a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2255.
 
 
 20
 There is no authority which supports petitioner's claim that the federal court permanently lost jurisdiction of him when he was transferred to state custody for trial and service of the ensuing sentence. The Interstate Agreement on Detainers Act, 18 U.S.C. Appx. Art. I-IX, provides for the transfer of a federal prisoner to state authority in such a situation. Courts have found that when a federal prisoner is transferred to state authorities for sentencing and service of that sentence, his federal sentence begins to run from the date he is delivered back into federal custody to serve that sentence. Anderson v. U.S., 405 F.2d 492, 493 (10th Cir.1969). In such a situation, there is a transfer of jurisdiction, which is transferred back once the state sentence is served.
 
 
 21
 The petitioner has no standing to challenge custody arrangements with federal and state authorities. Stripling v. United States, 172 F.2d 636, 637 (10th Cir.1949). The question of jurisdiction and custody over prisoners is one of comity between governments and not a personal right of prisoners. Jones v. Taylor, 327 F.2d 493 (10th Cir.1964), cert. den. 377 U.S. 1002. When a person violates the criminal statutes of both the federal and state governments, he may not complain of the order in which he is tried or punished for such offenses. Lionel v. Day, 430 F.Supp. 384, 386 (W.D.Okla.1976).
 
 
 22
 Petitioner does not allege that his federal conviction was imposed in violation of the Constitution or laws of the United States or that the federal court did not have jurisdiction when he was sentenced or that the sentence was in excess of the maximum authorized by law or that the sentence can be collaterally attacked, so he has not alleged any of the grounds provided by Sec. 2255 to attack a federal sentence. His petition should therefore be dismissed for failure to state a habeas corpus claim.
 
 
 23
 Dated this 31st day of July, 1990.
 
 
 24
 /s/ JOHN LEO WAGNER
 
 UNITED STATES MAGISTRATE
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3