956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Forrest Silva TUCKER, Petitioner-Appellant,
v.
Gary L. HENMAN, Respondent-Appellee.
 No. 91-3205.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner, a federal prisoner serving a ten-year term of imprisonment following a conviction for assaulting, resisting, or impeding officers in the performance of their official duties, 18 U.S.C. § 111, appeals the district court's denial of his petition for habeas relief asserted under 28 U.S.C. § 2241. The issue presented by this appeal is whether Petitioner is entitled to credit on the federal sentence he is currently serving for time served in California on an unrelated state conviction. Upon careful consideration of the record and Petitioner's arguments on appeal, we affirm the district court's denial of habeas relief.[1]
 
 
 3
 In September 1978, a California state court convicted Petitioner of armed robbery and sentenced him to ten years' imprisonment. Petitioner escaped from California custody on August 9, 1979.
 
 
 4
 Federal authorities, on June 10, 1983, arrested Petitioner in Florida on a federal bank robbery charge. See 18 U.S.C. § 2113. As a result of Petitioner's resisting arrest, federal authorities also charged Petitioner with assaulting, resisting, or impeding officers in the performance of their official duties. See 18 U.S.C. § 111. The United States District Court for the Southern District of Florida convicted Petitioner of resisting federal officers and sentenced him to ten years' imprisonment, such sentence to "run consecutive to any prior sentence imposed in the State of California, which sentence the [Petitioner] was serving at the time of his [escape]." Petition for Writ of Habeas Corpus, Ex. A. The judgment and commitment order further ordered Petitioner committed to the custody of the Attorney General. Id.
 
 
 5
 Following this conviction, on March 25, 1984, United States Marshals (Marshals) moved Petitioner to the federal prison in Lewisburg, Pennsylvania. Petitioner asserts that he was booked into the Lewisburg Prison on April 4, 1984, and, then, five days later, on April 9, 1984, he was transported to Boston, Massachusetts, to stand trial on the federal bank robbery charge. Following Petitioner's conviction for bank robbery, the United States District Court for the District of Massachusetts sentenced Petitioner to a term of fifteen years' imprisonment, to run "consecutive to the California state court sentence now being served and concurrent with the ten (10) year sentence imposed in the United States District Court for the Southern District of Florida." Petition for Writ of Habeas Corpus, Ex. B. That judgment and commitment order also ordered Petitioner committed to the custody of the United States Attorney General. Id. The Massachusetts district court subsequently reduced that sentence to four years' imprisonment to be served concurrently with the California armed robbery sentence. Id., Ex. C.
 
 
 6
 Following the federal bank robbery conviction, California authorities transported Petitioner to California, where he served the remainder of his California sentence. On October 17, 1989, following completion of the state sentence, federal authorities took custody of Petitioner and transported him to the federal prison in Leavenworth, Kansas, where he began serving his ten-year sentence for resisting federal officers.
 
 
 7
 Petitioner asserts that he is entitled to credit against his current federal sentence for the time he served in California following his federal convictions because, by allowing California authorities to extradite Petitioner to California to complete the state sentence before serving his federal sentence for resisting federal officers, federal authorities disobeyed the Florida district court's order committing Petitioner to the custody of the United States Attorney General. We disagree.
 
 
 8
 Either the Federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner. Whether jurisdiction and custody of a prisoner shall be retained or surrendered is a matter of comity and is to be determined by the sovereign having custody....
 
 
 9
 [T]he prisioner ... may not complain of or choose the manner or order in which each sovereign proceeds against him.
 
 
 10
 Hayward v. Looney, 246 F.2d 56, 57 (10th Cir.1957) (footnote omitted). The Attorney General, having custody of Petitioner, had the discretion to enter into an agreement with the State of California concerning the order in which Petitioner served his sentences. See Hernandez v. United States Attorney Gen., 689 F.2d 915, 919 (10th Cir.1982) ("The law of comity is such that two sovereigns may decide between themselves which shall have custody of a convicted prisoner.").
 
 
 11
 Petitioner further asserts, however, that the Marshals acted contrary to the intent of the Attorney General by releasing Petitioner to California authorities. There is no indication that the Marshals' relinquishing custody of Petitioner to California officials was an error or was contrary to the Attorney General's orders.
 
 
 12
 While the record before us may not affirmatively show that the Attorney General of the United States authorized the return of [Petitioner] to the state authorities, there is a presumption that public officers will act lawfully and it will be presumed that the return of [Petitioner] to the state authorities was duly authorized, absent an affirmative showing to the contrary.
 
 
 13
 Hayward, 246 F.2d at 57 (footnote omitted).
 
 
 14
 Petitioner argues that federal authorities compelled him to serve the ten-year federal sentence for resisting arrest in a piecemeal fashion. See Causey v. Civiletti, 621 F.2d 691, 694 (5th Cir.1980) ("[T]he federal government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first, as long as the prisoner is not compelled unnecessarily to serve his sentences in a piecemeal fashion."). Petitioner asserts that, because he began the service of that federal sentence with his transfer to the federal prison in Lewisburg, Pennsylvania, following the Florida federal conviction for resisting arrest, his subsequent transfer to California to complete his state sentence unnecessarily interrupted the service of that federal sentence.
 
 
 15
 A federal "sentence of imprisonment ... shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence." 18 U.S.C. § 3568 (repealed, but applicable to offenses committed prior to November 1, 1987) (emphasis added). Contrary to Petitioner's argument, his brief stay at the Lewisburg federal prison, while en route to Massachusetts to stand trial on the federal bank robbery charge, did not commence Petitioner's federal sentence for resisting arrest. Rather, Petitioner's service of that sentence did not begin until federal authorities took custody of Petitioner from California authorities following completion of his California sentence.
 
 
 16
 The United States Attorney General, in releasing Petitioner to California authorities for completion of his state sentence prior to service of the federal resisting arrest sentence, effectuated the clear intent of the Florida federal court that that federal sentence be served consecutively to the partially completed California sentence. See Cox v. United States ex rel. Arron, 551 F.2d 1096, 1099 (7th Cir.1977) (Attorney General's release of prisoner to state authorities was proper under 18 U.S.C. § 4085 (repealed, but applicable to offenses committed before November 1, 1987), in order to effectuate federal court's order that federal sentence be consecutive to any other sentence). Contrary to Petitioner's claim that the Florida district court's sentence was ambiguous concerning the order in which Petitioner was to serve the state and federal sentences, the Florida court's judgment and commitment order clearly provided that the federal sentence was to be served consecutively to the California sentence.
 
 
 17
 Petitioner, therefore, was not entitled to credit on his federal sentence for the time served in completing the California sentence. The judgment of the United States District Court for the District of Kansas is AFFIRMED. Petitioner's Motion to Add Respondents is DENIED.
 
 
 18
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner's Application for a Certificate of Probable Cause and his Motion to Proceed In Forma Pauperis are both granted