**Filed 7/30/96**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

HENRY FLOYD BROWN,

      Petitioner - Appellant,

      v.

RON THOMPSON,

      Respondent - Appellee.

No. 96-6029

(W.D. Oklahoma)

(D.C. No. CIV-95-426-M)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Henry Floyd Brown appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Brown contends that he is being illegally

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

detained in federal custody because his 1968 federal sentence of twenty years for bank robbery and other crimes allegedly was to be concurrent with his existing life sentence for murder, imposed by the State of Kansas. He was paroled from the state sentence in 1991. Contrary to Brown's contentions, the official record of his federal sentence specifies that it is consecutive to any state sentence. The judgment and commitment reads as follows:

> It is ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of <u>twenty (20) years which sentence is to run consecutive to any sentence now being served and any sentence heretofor[e] imposed and to be served</u>.

R. Vol. I, Tab 6, Gov't Ex. 1 (emphasis added).

Brown attempts to overcome this official document by casting doubts on its authenticity, citing to various allegedly contrary notations in administrative files, an FBI report, documents from Kansas state officials, and by claiming that he remembers the judge saying something else from the bench. None of these conclusory and collateral arguments overcome the plain language of the judgment and commitment or provide any legitimate basis to doubt its accuracy. See <u>Tijerina v. Thornburgh</u>, 884 F.2d 861, 865 (8th Cir. 1989) ("Federal courts must go beyond the sentencing order of the district court judge to clarify an 'ambiguous' sentence only where the sentencing judge himself creates the ambiguity by issuing an equivocal order."); <u>see also</u> <u>Lionel v. Day</u>, 430 F. Supp. 384, 386 (W.D. Okla. 1976) ("Obviously no comment or order by a state judge can control the service of a federal sentence.").

Having carefully reviewed the record and having fully considered Brown's arguments, we AFFIRM the dismissal for substantially the same reasons set out in the Report and Recommendation of the magistrate judge, which the district court adopted. R. Vol. I, Tabs 11 & 13.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge