James H. HALL, Appellant,

v.

C. H. LOONEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 5830.

United States Court of Appeals Tenth Circuit.

May 29, 1958.

Kenneth C. Schoen, Denver, Colo., for appellant.

A. I. West, Asst. U. S. Atty., Topeka, Kan. (William C. Farmer, U. S. Atty., Topeka, Kan., and Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

James H. Hall, an inmate in the United States Penitenitary at Leavenworth, Kansas, appeals from an order of the United States District Court for the District of Kansas, discharging a writ of habeas corpus and dismissing the petition.

The record discloses that on April 2, 1954 the petitioner, while in the

custody of the Alabama State authorities, was sentenced in the United States District Court for the Northern District of Alabama to be imprisoned for a period of three years, which sentence was to begin upon petitioner's due and legal release from the custody of the State of Alabama. Petitioner was thereafter sentenced to serve a two year term by a State Court of Alabama. Before the completion of the Alabama sentence the petitioner escaped. He was arrested by Federal authorities in the Western District of Kentucky in 1957 for a violation of Federal Statutes. The petitioner was sentenced on April 9, 1957 in the United States District Court for the Western District of Kentucky to imprisonment for a term of five years for this violation. The sentence made no mention of the Alabama State Court sentence, but provided that it should run concurrently with the Alabama Federal Court sentence. The crux of petitioner's contention is that he is unlawfully held by the Warden because, under the terms of the Federal Court sentences, neither of them could begin to run until after the Alabama State Court sentence had been satisfied. This is an ingenious argument, but without merit.

■■ The Kentucky Federal Court, with the physical possession and custody of petitioner, had the right to prosecute and sentence him for offenses committed within its jurisdiction. In attempting to permit the petitioner to serve the Federal sentences concurrently, it was provided that the Kentucky Federal Court sentence should be served concurrently with the Alabama Federal Court sentence. There is no showing that the Alabama state authorities objected to this procedure, and they apparently consented to it as they lodged a detainer with the Warden of the United States Penitentiary at Leavenworth. Furthermore, in the absence of any showing that the Alabama state authorities objected to the exercise of the Federal jurisdiction in Kentucky, it is presumed that they consented thereto. Hebert v. State of Louisiana, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270, 48 A.L.R. 1102; Ponzi v. Fessenden, 258 U.S. 254, 42 S. Ct. 309, 66 L.Ed. 607; Rawls v. United States, 10 Cir., 166 F.2d 532, certiorari denied 334 U.S. 848, 68 S.Ct. 1498, 92 L.Ed. 1771; Wall v. Hudspeth, 10 Cir., 108 F.2d 865.

■■ When a person is lawfully in the custody of one sovereign on a criminal charge, he remains exclusively in the jurisdiction of that sovereign until its jurisdiction has been exhausted. Wall v. Hudspeth, supra. But, the sovereign having the prior jurisdiction and the right to custody may waive that right and permit another sovereign to proceed with its prosecution and the execution of sentence. Strand v. Schmittroth, 9 Cir., 251 F.2d 590, certiorari denied 355 U.S. 886, 78 S.Ct. 258, 2 L.Ed.2d 186; Stamphill v. United States, 10 Cir., 135 F.2d 177. In Hayward v. Looney, 10 Cir., 246 F.2d 56, 57, we said:

"Either the Federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner. Whether jurisdiction and custody of a prisoner shall be retained or surrendered is a matter of comity and is to be determined by the sovereign having custody.

"If the prisoner has violated the law of both sovereigns, he is subject to prosecution by both and he may not complain of or choose the manner or order in which each sovereign proceeds against him.

"While the record before us may not affirmatively show that the Attorney General of the United States authorized the return of Hayward to the state authorities, there is a presumption that public officers will act lawfully and it will be presumed that the return of Hayward to the state authorities was duly authorized, absent an affirmative showing to the contrary." (Footnotes omitted).

As the Alabama state authorities waived the right to the custody of the

petitioner and consented to the action of the Kentucky Federal Court, the Alabama Federal Court sentence became effective and the petitioner is lawfully held for the concurrent service of the two Federal Court sentences.

Affirmed.