Charles Bruce WHITE, Plaintiff,

v.

Frank J. KELLY, Attorney General, State of Michigan, Defendant.

No. Civ.A.97–N–1369.

United States District Court, D. Colorado.

Jan. 7, 2000.

Charles Bruce White, Pontiac, MI, pro se.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

NOTTINGHAM, District Judge.

This matter is before the Court on the "Recommendation of United States Magistrate Judge" filed December 20, 1999. No party has objected to the recommendation. I have conducted the requisite *de novo* review of the issues, the record, and the recommendation. Based on this review, I have concluded that the recommendation is a correct application of the facts and the law. Accordingly, it is

ORDERED as follows:

1. The recommendation is ACCEPTED.

2. Petitioner Charles Bruce White's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody is dismissed with prejudice.

3. Petitioner's "Request for Evidentiary Hearing" filed June 14, 1999 is DENIED.

4 All other pending motions are DENIED as moot.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

COAN, United States Magistrate Judge.

The matters before the court are *pro se* petitioner Charles Bruce White's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person Attacking a State Detainer [filed June 27, 1997] and petitioner's Request for Evidentiary Hearing [filed June 14, 1999]. Respondent filed his "Respondent's Answer to Petition for Writ of Habeas Corpus" on March 30, 1998. Petitioner thereafter filed his Petitioners [sic] Traverse pursuant to Rule 7(A) F.R.C.P. as directed by Order of Mag. Judge Borchers March 31, 1998 on April 7, 1998. A General Order of Reference under 28 U.S.C. § 636(b)(1)(A) and (B) referred the Petition to the undersigned magistrate judge on March 15, 1999 to issue recommendations on the above motions. The motions are ripe for disposition.

### I.

The issues in this case concern whether Michigan's transfer of petitioner to the federal Bureau of Prisons ("BOP") to serve a federal sentence concurrently with his state sentences, operates as an implied waiver of the remainder of petitioner's state sentences; and, alternatively, whether petitioner's denial of probation hearings on his state sentences, while serving those sentences in federal prison, justifies releasing petitioner from service of the remainder of the state sentences.

This case was originally drawn to Magistrate Judge Borchers, who recommended that the petition be denied. *See* May 4, 1998 Recommendation, at 5. The magistrate judge stated that, according to his view of the evidence, nothing in the record indicated that Michigan voluntarily relinquished jurisdiction over petitioner. *Id.* at 4. The magistrate judge stated that petitioner was outside the physical custody of the State of Michigan ("Michigan") when apprehended after his escape from Michigan state prison. *Id.* at 3. Further, the magistrate judge found that petitioner had only been in federal custody since his capture. *Id.* Consequently, the magistrate judge concluded that the federal government did not "borrow" petitioner when it convicted and sentenced petitioner under a federal charge of kidnapping. *Id.* at 3–4. The magistrate judge therefore found that petitioner was not entitled to relief. *Id.* at 4. The magistrate judge also recommended granting respondent's motion to dismiss with respect to petitioner's claim of unlawful denial of state parole hearings, stating that petitioner had not properly framed the issue as a constitutional violation. *Id.*

On March 11, 1999, the court rejected the magistrate judge's recommendation in its entirety. *See* Order Concerning Magistrate Judge's Recommendation, at 3. The court stated that the magistrate judge's recommendation was based on the erroneous finding of fact that petitioner had not been in Michigan's custody when petitioner was captured and incarcerated pending his federal trial on the kidnapping charges. *See id.* at 1–2. The court found that there was evidence in the record showing that petitioner had been apprehended and reincarcerated in Michigan before he was transferred to the BOP. *See id.* Accordingly, the court referred the case to this magistrate judge to make a recommendation for disposition.

The pertinent facts are as follows. On September 10, 1984, petitioner was convicted in Michigan state court of first degree sexual conduct and armed robbery. *See* Memorandum of Law in Support of Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 ("Petition"), Ex. A. He was sentenced to serve a term of four to forty years on the sexual conduct charge, with a lesser term on the armed robbery. *Id.* Both sentences were to be served concurrently. *Id.*

On December 24, 1989, petitioner escaped from the Western Wayne Correctional Facility ("WWCF") in Plymouth, Michigan. *See* Supplemental Evidence to Support Objection(s) to Magistrates [sic] proposed finding and recommendations ("Supp.Evid. for Obj."), Ex. M; Affidavit of Clarice Stovall, Warden of the Western Wayne Correctional Facility ("Stovall Aff."), attached to August 16, 1999, letter to Judge Nottingham from Joyce C. White. He was subsequently apprehended in Bristol City, Virginia, on December 29, 1989 and returned to the WWCF. *Id.* On April 20, 1990, petitioner was convicted of escape from prison in Michigan and sentenced to a term of one year and one day, to be served consecutively to his other state convictions. *See* Judgment of Sentence, *People v. White*, No. 90–02252 (May 20, 1990), attached to August 16, 1999 letter to Judge Nottingham from Joyce C. White.

Petitioner remained in the Michigan state prison until August 15, 1990, when he was released to federal authorities on a writ of habeas corpus ad prosequendum. *See* Petition, at 1; Supp.Evid. for Obj., Ex. M. Petitioner was convicted on a federal charge of kidnapping, arising out of petitioner's unlawful conduct during his escape. *See* Respondent's Answer to Petition for Writ of Habeas Corpus ("Resp.Ans. to Pet."), at 1. Petitioner received a federal sentence of one hundred and twenty-one months, to be followed by three years of supervised release. *Id.* He was initially incarcerated at the United States Penitentiary at Leavenworth, Kansas ("USP Leavenworth"), and was subsequently transferred to the United States Penitentiary at Florence, Colorado ("USP Florence"); thereafter, he filed the petition currently before the court. *See* Stovall Aff.

In October 1990, after petitioner began serving his federal and state sentences at USP Leavenworth, the Michigan Department of Corrections ("MDOC") filed a detainer with the Bureau of Prisons seeking petitioner's return to Michigan upon completion of his federal sentence. *See* October 25, 1990 Letter to Flora Magee, Inmate Systems Manager, U.S.P. Leavenworth, from Donald H. Hoyne, Michigan Department of Corrections ("October 25, 1990 Letter"), attached to August 16, 1999 letter to Judge Nottingham from Joyce C. White.

After completing his federal sentence, petitioner was extradited to Michigan on December 22, 1998. *See* Status Report per Order, 3/31/99, at 1. Petitioner is currently serving the remainder of his state sentences in Michigan. Petitioner appears to have exhausted his state remedies with respect to the claims in his petition.

## II.

### A. Petition for Habeas Corpus

Petitioner contends that the detainer Michigan filed with the BOP is unlawful because Michigan yielded its primary jurisdiction over petitioner to the BOP, implicitly waiving its rights to have petitioner serve the remainder of his state sentences. *See* Petitioners [sic] Traverse pursuant to Rule 7(A) F.R.C.P. as directed by Order of Mag. Judge Borchers March 31, 1998 ("Traverse"), at 3. Petitioner sought to remove the detainer so that he could participate in the federal release program upon completion of his federal sentence. *Id.* at 6. In his Answer, respondent appears to move to dismiss the petition for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), arguing that petitioner has not shown that Michigan voluntarily waived all future jurisdiction over petitioner in transferring petitioner to the BOP, or, alternatively, that petitioner's claims are not cognizable under a petition for habeas corpus. *See* Resp.Ans. to Pet., at 10.

Before addressing the merits of petitioner's claim, the court considers wheth-

er the claim is now moot. Petitioner has been returned to Michigan to serve the sentence he originally challenged in this court. Respondent claims that the detainer issue was resolved because petitioner has been released from federal prison and unsuccessfully challenged his extradition to Michigan. *See* Status Report, at 3. Those events, however, have not addressed the underlying constitutional claims concerning Michigan's custody of petitioner. Accordingly, the court concludes that petitioner's claim is not moot and will address the merits.

 A prisoner may challenge the constitutional validity of a sentence he is serving concurrently with other sentences. *See* 28 U.S.C. 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States."). Respondent concedes that petitioner is serving his state sentence concurrently with petitioner's federal sentence in federal prison. *See* Resp.Ans. to Pet., at 5. Further, even if petitioner's state sentence was stayed until petitioner completed his federal sentence, petitioner's claims would still be reviewable under a petition for habeas corpus. *See Maleng v. Cook,* 490 U.S. 488, 491–92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (petitioner in federal custody may challenge state sentences supporting a detainer even though he has not begun serving them); *Peyton v. Rowe,* 391 U.S. 54, 67, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) (petitioner serving two consecutive sentences can challenge the second sentence which he has not yet begun to serve).

 Respondent relies on *Browning v. Foltz,* 837 F.2d 276, 283 (6th Cir.1988), for the proposition that petitioner's claim is not subject to review under federal habeas corpus law. Respondent's reliance on *Browning* is misplaced. *See* Resp.Ans. to Pet., at 10. The court in *Browning* adopted the majority view that a violation of the Interstate Agreement on Detainers Act ("IADA") is not properly challenged

under a petition for habeas corpus. *Id.* at 283. Petitioner here, however, is not basing his claim on an alleged violation of the IADA. Petitioner claims that Michigan has waived petitioner's obligation to serve his remaining sentence by transferring him to the BOP. If Michigan did waive the remainder of petitioner's state sentences, following completion of petitioner's federal sentence, then Michigan's continued enforcement of the state sentences violates the Fourteenth Amendment by depriving him of liberty without due process of law. Accordingly, the petition is cognizable under federal habeas corpus law.

With respect to the merits of petitioner's claim, the court finds petitioner's arguments unpersuasive. Petitioner claims that Michigan relinquished its rights to his confinement and waived the remainder of his state sentences by transferring him to federal incarceration without first allowing him to complete his state sentences. *See* Petition, at 2–5. Petitioner cites case law not binding on this court in support of his claims. *See id.; see, e.g., Thompson v. Bannan,* 298 F.2d 611 (6th Cir.1962); *Jones v. Rayborn,* 346 S.W.2d 743 (Ky. 1961); *People ex rel. Barrett v. Bartley,* 383 Ill. 437, 50 N.E.2d 517 (1943).

 Under the law of this circuit, state and federal authorities have considerable discretion in determining the location of a prisoner's confinement while he serves both state and federal sentences. In general, the sovereign which first arrests a prisoner has primary jurisdiction over him. *See Hernandez v. United States Attorney General,* 689 F.2d 915, 918–19 (10th Cir.1982) (quoting *Williams v. Taylor,* 327 F.2d 322 (10th Cir.1964), *cert. denied,* 377 U.S. 1002, 84 S.Ct. 1937, 12 L.Ed.2d 1051 (1964)). The sovereign with prior jurisdiction may lend the prisoner to another sovereign, such as the federal government, for purposes of trial and sentencing, without relinquishing custody. *See id.* at 918–19 ("The law of comity is such that the two sovereigns may decide between themselves which shall have custody of a convicted prisoner; however, the sovereign

having prior jurisdiction need not waive its right to custody."); *see also Hayward v. Looney,* 246 F.2d 56, 57–58 (10th Cir.1957) ("Whether jurisdiction and custody of a prisoner shall be retained or surrendered is a matter of comity and is to be determined by the sovereign having custody."). Further, "the sovereign having prior jurisdiction and right to custody may waive that right and permit another sovereign to proceed with its prosecution and execution of sentence." *Hernandez,* 689 F.2d. at 918; *Hall v. Looney,* 256 F.2d 59, 60 (10th Cir.1958).

The Tenth Circuit has acknowledged that federal and state authorities' broad discretion includes determining the order in which a prisoner may serve his sentences in circumstances similar to the facts in this case. In *Hall v. Looney,* 256 F.2d 59 (10th Cir.1958), a prisoner escaped from Alabama state prison in the middle of his state sentence and was apprehended, charged and tried by federal authorities in Kentucky for offenses committed within its jurisdiction. *Id.* at 60. Instead of being returned to Alabama to complete his state sentence, the prisoner was incarcerated at USP Leavenworth, to serve his federal sentences. *Id.* The prisoner then filed a petition for habeas corpus in Kansas federal court, challenging his federal detention because he had not yet completed his state sentences. *Id.* at 59. The court first presumed that the state consented to the federal custody because Alabama had lodged a detainer with the Warden of USP Leavenworth and did not otherwise object. *See id.* The court then denied the prisoner's petition, holding that " '[i]f the prisoner has violated the law of both sovereigns, he is subject to prosecution by both and he may not complain of or choose the manner or order in which each sovereign proceeds against him.' " *Id.* (quoting *Hayward v. Looney,* 246 F.2d 56, 57 (10th Cir.1957)).

▪ Similarly, the record in this case demonstrates that Michigan and the BOP agreed, as a matter of comity, to transfer petitioner to the BOP to serve his federal and state sentences concurrently. *See Pe-*tition, Ex. C; *see also* Judgment Including Sentence Under the Sentencing Reform Act, *U.S. v. White,* 89–80897 (July 19, 1990), attached to August 16, 1999 letter to Judge Nottingham from Joyce C. White ("The Court has no objection to state authorities designating federal institution as place of confinement."). By filing its detainer in October 1990, two months after petitioner was transferred to the BOP, Michigan also demonstrated that it was not waiving its jurisdiction with respect to any portion of petitioner's state sentence remaining after he completed his federal sentence. *See* October 25, 1990 Letter, at 1–2 (reflecting discussions between MDOC and BOP officials with respect to the remaining time on petitioner's state sentences and the future execution of the detainer). Accordingly, the court concludes that petitioner's petition should be denied.

Petitioner next claims that he was denied parole hearings on his Michigan state sentences while in federal prison. For his remedy, petitioner requests that Michigan be estopped from further imprisoning him. Petition, at 6. Michigan responds that petitioner, although eligible for parole, was not entitled to a parole hearing under Michigan law because petitioner was not imprisoned in a Michigan state prison, pursuant to M.C.L. § 791.234(1).

▪ Petitioner's claim is without merit. In general, there is no constitutional or inherent right to be paroled before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). However, states may create constitutionally protected liberty interests by enacting state statutes that place substantive limitations on the exercise of official discretion. See, e.g., *Greenholtz,* 442 U.S. at 8–11, 99 S.Ct. 2100; *Hewitt v. Helms,* 459 U.S. 460, 469–71, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Olim v. Wakinekona,* 461 U.S. 238, 248–51, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Michigan's state statutes do not create an explicit entitlement to parole. *See* M.C.L

§ 791.234(8) ("[A] prisoner's release on parole is discretionary with the parole board.")[1] Consequently, since petitioner has no constitutionally protected liberty interest in his parole, any denial of hearing related to parole does not rise to the level of a constitution violation and therefore is not properly before the court under a petition for habeas corpus. *See* 28 U.S.C. § 2241(c)(3).

Accordingly, the court recommends that plaintiff's claim arising out of his denial of parole hearings be dismissed.

### B. Request for Evidentiary Hearing

In his Request for Evidentiary Hearing, filed June 14, 1999, petitioner challenges the accuracy of the documentation on which the state of Colorado relied in extraditing petitioner to Michigan. The court recommends denying the motion because the underlying claim of unlawful extradition proceedings in Colorado state court was not raised in the petition and is therefore not properly before the court.

### III.

Accordingly, it is

RECOMMENDED that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [filed June 27, 1997] be DENIED. It is

FURTHER RECOMMENDED that petitioner's Request for Evidentiary Hearing [filed June 14, 1999] be DENIED. It is

FURTHER RECOMMENDED that this case be DISMISSED with prejudice.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district court judge shall make a de** novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

December 20, 1999.

---

1. The only exception to the Michigan Parole Board's unlimited discretion with respect to parole is found under M.C.L. § § 791.234a, which prescribes rules for placing eligible prisoners in a "special alternative incarceration program." However, because petition- er's minimum sentence for his First Degree Criminal Sexual Conduct exceeded three years, petitioner is not eligible for the program. *See* M.C.L. § § 791.234a(2)(a)(ii); Petition, Ex. A.