**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 7 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ERIC WAYNE DOTSON,

    Defendant-Appellant.

Nos. 01-6104 and 01-6199
(Western District of Oklahoma)
(D.C. No. 00-CV-2118-A)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The case is before this court on Eric Wayne Dotson's request for a certificate of appealability ("COA"). Dotson seeks a COA so he can appeal the district court's denial of his motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that the appeal of a final order disposing of a § 2255 motion may not be taken to a court of appeals unless a COA is issued). Because Dotson has not made "a substantial showing of the denial of a constitutional right," this court **denies** Dotson's request for a COA and **dismisses** the appeal. *See id*. § 2253(c)(2).

Dotson was charged in a three-count indictment with robbery in violation of 18 U.S.C. § 1951; carrying a firearm during a crime of violence in violation of 18 U.S. C. § 924(c)(1); and transporting at least $5,000 worth of stolen property in interstate commerce in violation of 18 U.S.C. § 2314. Dotson represented himself at his trial and a federal public defender was appointed as standby counsel. Dotson was convicted on all three counts. On direct appeal, this court affirmed the judgment of conviction. *See United States v. Dotson*, No. 99-6436, 2000 WL 1820375 (10th Cir. Dec. 12, 1996) (unpublished disposition).

Dotson filed the § 2255 motion on December 27, 2000. In his motion, Dotson raised four issues: (1) his trial counsel and his standby counsel were ineffective; (2) he was coerced into making statements to officers; (3) he had inadequate time to prepare for trial; and (4) his appellate counsel was ineffective.

The district court first concluded that Dotson could not base an ineffective assistance of counsel claim on his own *pro se* performance at trial. *See McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984) ("[A] defendant who exercises his right to appear *pro se* cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel." (quotations omitted)). The court also concluded that claims of ineffective assistance of standby counsel cannot be brought by *pro se* defendants. S*ee id*. at 183 ("A defendant does not have a constitutional right to choreograph special appearances by counsel."). Even assuming that Dotson could bring an ineffective assistance claim regarding his standby counsel, his conclusory allegations concerning the performance of standby counsel are wholly insufficient to support his claim that counsel's performance was deficient and that he was prejudiced by the alleged deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness, and that he was prejudiced by counsel's deficient performance); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims as "conclusory in nature and without supporting factual averments").

Dotson also alleged that his due process rights were violated because he was coerced into making statements to investigating officers. In addition, he

claimed his standby counsel was ineffective for failing to subpoena other incriminating statements because they would have illustrated the coercion. The district court addressed this claim, noting that Dotson's § 2255 motion contained only vague assertions and that he had failed to demonstrate how the statements were coerced or how he was prejudiced by standby counsel's failure to subpoena the statements. *See id*.

The district court next considered Dotson's claim that his due process rights were violated because he did not have adequate time to prepare for his trial and was unfamiliar with the Federal Rules of Criminal Procedure. The district court noted that Dotson voluntarily, knowingly, and intelligently waived his right to counsel. *See Dotson*, 2000 WL 1820375, at * 2. The district court concluded that Dotson, having been adequately informed of the inherent risks of proceeding *pro se,* could not raise a due process claim based on the alleged trial difficulties.

Finally, the district court considered Dotson's claims that his appellate counsel was ineffective. The district court addressed each alleged instance of constitutionally ineffective performance and determined that the allegations either lacked merit or were conclusory and unsupported. *See Strickland*, 466 U.S. at 687; *Fisher* 38 F.3d at 1147. The district court, thus, entered judgment denying Dotson's § 2255 motion. Dotson then sought and was denied a COA.

Dotson is not entitled to a COA unless he can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Dotson can make that showing by demonstrating that: (1) the issues raised are debatable among jurists, (2) a court could resolve the issues differently, or (3) that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). This court has reviewed Dotson's request for a COA, Dotson's appellate brief, the district court's order, and the entire record before us. Our review demonstrates that the district court committed no reversible error in its disposition of Dotson's § 2255 motion. Thus, the issues raised in the motion are not deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. Accordingly, Dotson has failed to make the required substantial showing of the denial of a constitutional right and is not entitled to a COA. *See* 28 U.S.C. § 2253(c)(1)(B).

This court **denies** Dotson's request for a COA for substantially those reasons set forth in the district court's order dated March 2, 2001, and **dismisses** this appeal. Dotson's motion to proceed *in forma pauperis* on appeal is **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-5-