**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony W. COLLIER, Defendant–**
**Appellant.**

**No. 00–3970.**

United States Court of Appeals,
Sixth Circuit.

Feb. 20, 2002.

Before KENNEDY, MOORE, and
COLE, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant appeals the district court's denial of his motion for an order that primary jurisdiction over him is federal. He seeks this determination so that he can serve his federal sentence first and in a federal facility. Defendant pled guilty to two counts of bank robbery in federal court after pleading guilty to an armed robbery and burglary and being sentenced in an Ohio state court. The district court denied his motion for a declaration of federal primary jurisdiction, ruling orally that the Bureau of Prisons had sole authority over questions of primary jurisdiction. Defendant appeals, arguing that the district court had the authority to determine primary jurisdiction and that primary jurisdiction is federal.

## I.  FACTS

On December 9, 1999, the FBI obtained an arrest warrant for the defendant charging him with bank robbery. On December 13, he was arrested by officers of the Cuyahoga Falls, Ohio, Police Department and a United States Deputy Marshal.

At the time of his arrest, two arrest warrants had been issued for the defendant: a state arrest warrant for parole violation, and the federal arrest warrant for bank robbery. The district court found that Collier's arrest was "primarily premised on the Federal warrant" and that "the impetus behind defendant's arrest was the activities of Federal law enforcement officials." App. at 15. Following his arrest, Collier was taken to the Summit County jail, where he was booked on the state probation violation charge by the Akron Police Department on December 13, 1999, though the jail paperwork included a detainer for the federal charge. App. at 65. The United States contracted with the Summit County jail to house federal pretrial detainees. The next day, federal agents, without a writ of habeas corpus *ad prosequendum*, removed Collier from the jail and took him to federal court for a hearing. App. at 38. A few days later, he was again taken to federal court for a second hearing, again without a writ. *Id.*

Collier was indicted on state charges for robbery and burglary. On January 12, 2000, Collier was indicted on two federal counts of bank robbery. He pled guilty to the federal charges on May 30, 2000. As part of his federal plea agreement, the defendant waived his right to appeal and received an agreement from the government that he could request that the federal and state penalties run concurrently. On July 19, 2000, the defendant pled guilty to the state charges and was sentenced to nine years in prison to run concurrently with his anticipated federal sentence.

At the time of his plea, the defendant stated his intention to file a motion regarding federal primary jurisdiction. He filed his written motion on the day of his sentence. App. at 35. At sentencing, the district court ruled orally that primary jurisdiction rested with the state because the defendant was booked as a state prisoner at the time of his arrest. The district court sentenced the defendant to 83 months in prison, to run concurrently with his state sentence and returned the defendant to state custody.

## II. ANALYSIS

■ Whether the district court had jurisdiction to rule on primary jurisdiction, and whether such jurisdiction was federal or state are both questions of law which we therefore review *de novo*. *United States v. Graves*, 60 F.3d 1183, 1185 (6th Cir.1995). As the Ninth Circuit described in *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir.1980):

Determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns. Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing and incarceration. However, the sovereign with priority of jurisdiction, here, the United States, may elect under the doctrine of comity to relinquish it to another sovereign.

*Id.* at 684–85 (internal citations omitted).

We need not decide the legal issue of whether primary jurisdiction in this case was initially state or federal since the United States has clearly waived primary jurisdiction in Collier's case. Nor is it necessary to decide precisely when this waiver occurred. It could be said that the United States waived primary jurisdiction as early as the time of the defendant's arrest. At no point during or immediately after the arrest did the United States dem-

onstrate its intention to assert primary jurisdiction over the defendant.

■ The defendant points to the two instances in which federal agents removed the defendant from a state facility without securing a writ of habeas corpus. It is not fair to characterize these incidents as an effort to assert primary jurisdiction. The federal officers who transported Collier to the courthouse were unaware at the time that he had been booked as a state prisoner. App. at 65. Certainly, the fact that the federal government obtained a writ prior to defendant's subsequent removal for plea and sentence indicates that it had no intention of claiming primary jurisdiction. The federal government's position on the defendant's motion and in the present appeal can be taken as further indication of its waiver of primary jurisdiction if such jurisdiction existed. As the United States Marshal's office noted in its February 28, 2000 letter, in the opinion of the United States Attorney's office, the defendant is, and "always has been," a state prisoner. App. at 65.

The defendant argues that the district court committed reversible error by finding that sole authority to determine primary jurisdiction rested with the Bureau of Prisons.[1] We need not decide the authority the Bureau of Prisons might have in other circumstances. Here the district court and we have jurisdiction to rule on whether the United States had waived primary jurisdiction. We need not go further. After Collier was sentenced he had to be released to the custody of the state or the federal government, and the district court was the only judicial authority present and capable of making this decision. It had at least the jurisdiction to order the state or the federal government to remove the defendant to a facility operated by one or the other.

This case differs from *Shumate v. United States,* 893 F.Supp. 137 (N.D.N.Y.1995), on which the defendant relies. In *Shumate,* the state had relinquished primary jurisdiction through an expressed and written waiver, and the parties clearly manifested during plea negotiations their understanding that the federal government had primary jurisdiction. Thus the district court ordered the federal government to take custody. In Collier's case, the state had refused to waive primary jurisdiction.

Clearly, the federal government *may* waive primary jurisdiction. *United States v. Warren,* 610 F.2d 680, 684 (9th Cir.1980) (sovereigns "may elect under the doctrine of comity to relinquish" primary jurisdiction). In this case, the facts indicate the United States did so. The district court did not err in denying defendant's motion to declare federal jurisdiction primary. Because we reach this conclusion, we do not consider the other arguments raised by the parties, such as the government's claim that the defendant waived his appellate rights in his plea agreement.

Therefore, we affirm the sentence of the district court.

---

1. The Bureau of Prisons has since designated state prison for service of plaintiff's federal sentence so that his sentences run concurrently.