

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2009

# Osval Alvarez v. Paul Schultz

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3543

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Osval Alvarez v. Paul Schultz" (2009). *2009 Decisions.* Paper 1840.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1840

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3543
_____

OSVAL ALVAREZ,
                                        Appellant

v.

PAUL M. SCHULTZ, Warden

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-cv-05316)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 17, 2009
Before: BARRY, SMITH and GARTH, Circuit Judges

(Opinion filed: February 20, 2009 )

_____

OPINION
_____

PER CURIAM

    Appellant Osval Alvarez was arrested by City of Philadelphia police officers on

August 4, 1999, charged under state law for distributing Phencyclidine (PCP) and taken

into state custody; he was released on bond on August 6, 1999.  On August 19, 1999, he

was arrested as a parole violator and placed again in state custody. When the state dismissed its narcotics charges against Alvarez in November 1999, he remained in state custody solely on the parole violation charges. While in state custody, Alvarez was indicted by federal authorities on multiple drug charges pursuant to 21 U.S.C. § 841(a)(1) and §860(a), associated with his arrest in August 4, 1999.

On March 24, 2000, state authorities delivered Alvarez to federal court by means of a writ of habeas corpus ad prosequendum. On September 14, 2000, Alvarez pled guilty to certain counts of the federal indictment. The federal court sentenced Alvarez on March 5, 2001, to 130 months in prison with six years of supervised release.

On March 15, 2001, Alvarez was returned to state custody. On June 22, 2001, the Pennsylvania Board of Probation and Parole ("PBPP") sentenced him to three to six years in prison. On August 12, 2002, the PBPP released Alvarez on parole and transferred him immediately to the custody of the Federal Bureau of Prisons (BOP) to begin serving his federal sentence.

In the fall of 2001, Alvarez filed a motion for correction or clarification of his federal sentence while he was in state custody, seeking to have the time he spent in state custody credited to his federal sentence.[1] The federal sentencing court denied Alvarez's

---

[1] After Alvarez filed his motion, the PBPP agreed to credit his state parole violation sentence for the periods from August 19, 1999, to March 24, 2000, and from March 15, 2001 to August 12, 2002. Meanwhile, the BOP credited Alvarez with time served for the three days he was held in state custody upon his arrest on August 4, 1999, on local narcotics charges and for the time period in which he was held temporarily in

motion for clarification/correction in March 2002, because the court had advised Alvarez during the plea colloquy that his federal sentence would be served consecutively to any state prison sentence he received.

The BOP, meanwhile, construed Alvarez's motion as a request for nunc pro tunc designation of the state prison as his place of incarceration for his federal sentence. Pursuant to its authority to make such a designation under BOP Program Statement 5160.05, the BOP conducted a review of Alvarez's criminal history and sent the sentencing court a letter seeking the court's position on Alvarez's request. The sentencing court recommended against nunc pro tunc designation for the same reason that it denied Alvarez's motion for correction/clarification. Thereafter, the BOP declined to grant Alvarez's request for nunc pro tunc designation request.

Upon exhaustion of his administrative remedies, Alvarez filed a habeas petition pursuant to § 2241, claiming that the BOP refused to consider, or mistakenly failed to grant, his nunc pro tunc designation request. He asserted his entitlement to fair treatment of his request under Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). After the Government submitted an answer, the District Court denied the habeas petition by order entered on July 1, 2008. In denying relief, the District Court reasoned that, at the time of Alvarez's federal sentencing, the sentencing court lacked statutory authority to order that the federal sentence run concurrently with a state sentence because there was no state

federal custody from March 25, 2000 through March 14, 2001.

3

sentence at the time — Alvarez's parole violation charges were still pending before the PBPP in March 2001. The BOP, however, had discretionary authority under 18 U.S.C. § 3621(b) and P.S. § 5160.05 to make a nunc pro tunc designation. The District Court held that the BOP treated Alvarez fairly in reviewing his designation request and did not abuse its discretion in denying it pursuant to P.S. § 5160.05. This timely appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over the District Court's legal conclusions and review its findings of fact for clear error." Cristin v. Brennan, 281 F.3d 404, 409 (3d Cir. 2002). We will affirm.

Alvarez argues that the eighteen month period from March 15, 2001 to August 12, 2002, which Pennsylvania authorities credited to his parole violation sentence, should have been credited to his federal sentence. He argues that the failure to credit his federal sentence means that he will serve 148 months instead of the actual sentence of 130 months. He asserts that the BOP has the discretion to allow his state and federal sentences to run concurrently because the federal sentencing court did not indicate at sentencing whether the sentence was to run concurrently or consecutively to the "yet to be imposed" state sentence.

In Barden v. Keohane, we held that the BOP can, in its discretion, designate a state prison as a place of federal confinement nunc pro tunc. 921 F.2d at 481. While we recognized habeas relief is "an appropriate judicial means of compelling that examination," we also held that resolution of the issue "is a matter within the Bureau's

4

sound discretion." Id. at 483.

There is nothing on this record that leads us to conclude that the BOP abused its discretion in declining to grant Alvarez's nunc pro tunc designation request. Because Alvarez's federal sentence was imposed first, the federal judgment does not refer to the pending state parole violation. The BOP properly investigated Alvarez's nunc pro tunc designation request pursuant to its authority under 18 U.S.C. § 3621(b) and P.S. § 5160.05 by contacting the sentencing court for its input and by reviewing Alvarez's prior criminal history. For its part, the sentencing court recommended that the federal sentence run consecutive to the state sentence because the court intended that the federal sentence be served consecutively to any state prison sentence imposed. The BOP's investigation of Alvarez's criminal record revealed a history of narcotics convictions dating back to 1991. Based on its own investigation and taking into consideration the sentencing court's non-binding recommendation, the BOP properly exercised its discretion and denied Alvarez's request for a nunc pro tunc designation, reasoning that concurrent service would not be consistent with the intent of the federal sentencing court or with the goals of the criminal justice system.

The decision not to nunc pro tunc designate is also consistent with the use of the August 12, 2002 date as the start date for the federal sentence under 18 U.S.C. § 3585(b). Congress enacted 18 U.S.C. § 3585(b) to prohibit double credit in most circumstances. See Rios v. Wiley, 201 F.3d 257, 272-75 (3d Cir. 2000). Here, the Pennsylvania

5

authorities credited Alvarez's state parole violation sentence with the eighteen-month period he spent in state custody, from March 15, 2001 to August 12, 2002. Consistent with the statute, Alvarez's federal sentence commenced on the date that he was returned to federal custody following his release on parole by the PBPP on August 12, 2002.

Accordingly, we will affirm the judgment of the District Court.