**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ERIC WAYNE DOTSON,

    Defendant-Appellant.

No. 11-6001

(D.C. No. 5:98-CR-00203-M-1)
(W. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is,

therefore, submitted without oral argument.

Eric Wayne Dotson, a Georgia state prisoner proceeding pro se, appeals the

denial of his "Motion for Order Directing the U.S. Attorney General to

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Immediately Obtain Custody of Defendant." Construing Dotson's motion as a habeas petition pursuant to 28 U.S.C. § 2241, we reverse and remand to the district court with instructions to vacate its denial of relief and to dismiss the motion without prejudice.

## I. FACTS

This case requires consideration of the interaction of three separate sentences imposed against Dotson for a series of armed jewelry store robberies that occurred in several states from 1997 to 1998. Dotson outlines the following history of his incarceration.

The state of Kentucky imposed the first of the three sentences at issue. Dotson asserts that he entered Kentucky state custody on June 4, 1998. ROA, Vol. 1 at 29. Dotson was convicted of robbery and sentenced to life imprisonment in the state of Kentucky on July 12, 1998. ROA, Vol. 2 at 15; see also ROA, Vol. 1 at 29. According to Dotson, this life sentence was subsequently reduced to thirty years' imprisonment. ROA, Vol. 1 at 30.

Then, on November 4, 1998, a federal grand jury in the Western District of Oklahoma returned an indictment charging Dotson with one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951, one count of using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1), and one count of knowingly transporting at least $5,000 worth of stolen property in interstate commerce, in violation of 18 U.S.C. § 2314. Id. at 13–15.

2

Pursuant to a writ of habeas corpus ad prosequendum, Dotson was transferred from Kentucky state custody to federal custody in the Western District of Oklahoma. ROA, Vol. 2 at 1.

After a jury trial in the Western District of Oklahoma, Dotson was convicted on all counts. ROA, Vol. 1 at 16. On December 10, 1999, the district court sentenced Dotson to a total of 322 months' imprisonment – 142 months for robbery, 60 months for using a firearm during the commission of a crime of violence, and 120 months for knowingly transporting at least $5,000 worth of stolen goods in interstate commerce, with each term to be served consecutively.[1] Id. at 16–17. The judgment imposing this sentence specified that "all terms of imprisonment [were] to be served after any other sentence that he [wa]s presently serving." Id. at 17. After the district court imposed his federal sentence, Dotson was returned to Kentucky state custody to continue serving his Kentucky state sentence. Id. at 29. According to Dotson, "[t]he U.S. Marshal's Service [then] lodged a detainer for the [federal] sentence . . . with the state of Kentucky." Id. at 30.

---

[1] Dotson directly appealed his convictions and sentence, and this court affirmed. United States v. Dotson, 242 F.3d 391 (10th Cir. 2000) (unpublished). Dotson then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the district court denied. United States v. Dotson, 28 F. App'x 801, 802 (10th Cir. 2001) (unpublished). This court declined to grant a certificate of appealability with respect to the district court's denial of this motion. Id.

3

Dotson was subsequently transferred from Kentucky state custody to Georgia state custody pursuant to a writ of habeas corpus ad prosequendum. Id. In the state of Georgia, Dotson was convicted of armed robbery and sentenced to twenty years' incarceration on June 16, 2000. Id. He was then returned to Kentucky state custody to continue serving his Kentucky state sentence. Id. Dotson asserts that, at that point, the state of "Georgia filed a detainer with the State of Kentucky." Id.

On September 2, 2004, after the state of Kentucky granted him parole from his Kentucky state sentence, Dotson was transferred to Georgia state custody to serve his Georgia state sentence. Id. Federal authorities filed a detainer with the state of Georgia in 2009. Id. at 31. Dotson unsuccessfully pursued several actions in Georgia state court asserting that he was improperly placed in Georgia state custody prior to his service of his federal sentence. Aple. Br. at 37–38 (Ex. 2). Dotson remains in Georgia state custody. Aplt. Br. at 2.

On November 10, 2010, Dotson filed his "Motion for Order Directing the U.S. Attorney General to Immediately Obtain Custody of the Defendant" in the Western District of Oklahoma. ROA, Vol. 1 at 29–32. In the motion, Dotson argued that he was improperly transferred to Georgia state custody after he was granted parole from his Kentucky state sentence and that, instead, he should have been placed in federal custody. In support, Dotson asserted that, because the federal detainer was filed with the state of Kentucky prior to the Georgia state

4

detainer, he should have been placed in federal custody prior to Georgia state custody. Id. at 30. Further, he contended that his federal and his Georgia state sentences were to run concurrently. He explained that his federal sentence was to commence "after any other sentence that he [wa]s currently serving." Id. at 17. He reasoned that, because his Georgia state sentence had not been imposed at the time of his federal sentencing, id. at 30, the federal sentence necessarily was to run concurrent to his Georgia state sentence. He also noted that his Georgia state sentence was ordered to run "concurrent to both the Kentucky and federal sentences."[2] Id. Thus, Dotson argued that his placement in Georgia state custody deprived him of his right to serve his federal and Georgia state sentences concurrently.

On this basis, Dotson requested that the district court order federal authorities to immediately place him in federal custody and to award him credit against his federal sentence for the six years he erroneously spent in Georgia state custody. Id. at 32. Without analyzing its jurisdiction, the district court summarily denied Dotson's motion on December 10, 2010. Id. at 34. The district

---

[2] Dotson noted, "[t]he transcript of Georgia sentencing says the sentence is to be concurrent to both the Kentucky and federal sentences, but the Georgia court's final disposition is silent on the matter." ROA, Vol. 1 at 30. Further, the government provided documentation suggesting that the Georgia state sentence was to run consecutive to his federal sentence. Aple. Br. at 64. Thus, it is unclear whether the Georgia state court intended Dotson's Georgia state sentence to run concurrent to his federal sentence.

5

court reasoned that "[Dotson] has not articulated sufficient cause for this Court to provide the extraordinary relief requested." Id. Dotson's notice of appeal from the district court's decision was filed on January 4, 2011. Id. at 35.

## II. ANALYSIS

Because Dotson is proceeding pro se, we construe his pleadings liberally. See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003). There are two ways in which we could construe Dotson's "Motion for Order Directing the U.S. Attorney General to Immediately Obtain Custody of Defendant": (1) as an application for a writ of mandamus pursuant to 28 U.S.C. § 1361; or (2) as a habeas petition under 28 U.S.C. § 2241 challenging the execution of his federal sentence.[3] We conclude that Dotson failed to establish the requisite conditions for relief under 28 U.S.C. § 1361. However, when construing Dotson's motion as a habeas petition under 28 U.S.C. § 2241, we conclude that the district court should have dismissed the motion without prejudice for lack of jurisdiction.

*A. Petition for writ of mandamus pursuant to 28 U.S.C. § 1361*

We first construe Dotson's motion as a request for a writ of mandamus pursuant to 28 U.S.C. § 1361. Under 28 U.S.C. § 1361, "[t]he district courts shall

---

[3] Because we construe Dotson's motion as either a petition for a writ of mandamus under 28 U.S.C. § 1361 or a habeas petition under 28 U.S.C. § 2241, rather than a motion in his criminal case, we conclude that Dotson's notice of appeal was timely. See Fed. R. App. P. 4(a)(1)(B) ("When the United States . . . is a party, the notice of appeal may be filed within 60 days after the judgment or order appealed from is entered.").

have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To be eligible for this relief, a petitioner must establish "(1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." Rios v. Ziglar, 398 F.3d 1201, 1206 (10th Cir. 2005). We review de novo whether the conditions for issuing a writ of mandamus are satisfied. Marquez-Ramos v. Reno, 69 F.3d 477, 479 (10th Cir. 1995). We conclude that Dotson did not establish the requisite conditions for relief under 28 U.S.C. § 1361.

Dotson's argument regarding the order in which the federal and Georgia state detainers were filed with the state of Kentucky does not evidence a clear right to relief. "[T]he determination of custody and service of sentence between [two different sovereigns] is a matter of comity to be resolved by the executive branches of each sovereign." Hernandez v. U.S. Att'y Gen., 689 F.2d 915, 917 (10th Cir. 1982). Federal and state authorities have broad discretion to determine the order in which a prisoner may serve his sentences. See Hall v. Looney, 256 F.2d 59, 60 (10th Cir. 1958) (per curiam). Detainers are filed to assure that a prisoner is not released from confinement until the jurisdiction asserting a right to custody has had an opportunity to act. We could locate no authority for Dotson's proposition that the sequence in which detainers are filed dictates the order

7

sentences are to be served. Thus, Dotson's assertion that his federal detainer was filed prior to his Georgia state detainer does not establish the requisite conditions for relief pursuant to 28 U.S.C. § 1361.

With regard to his argument that the federal and Georgia state sentences were to run concurrently, we conclude that Dotson had another adequate remedy available to him to pursue relief. As the government argues, Dotson could have asserted this argument in a habeas petition pursuant to 28 U.S.C. § 2241. This argument could be characterized as an attack on the execution of his federal sentence. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence . . . ."); see also United States v. Eccleston, 521 F.3d 1249 (10th Cir. 2008) (considering a state prisoner's argument that he was "entitled to serve his sentence in the custody of the [Bureau of Prisons] and that his federal and state sentences must be served concurrently" in a habeas petition under 28 U.S.C. § 2241). Further, Dotson satisfies the "in custody" requirement for habeas purposes because "a prisoner may challenge a sentence that was imposed consecutively to his current sentence but which he has not yet begun to serve." United States v. Miller, 594 F.3d 1240, 1242 (10th Cir. 2010) (internal quotation marks and alteration omitted). Because Dotson could have asserted this argument in a petition under 28 U.S.C. § 2241, he cannot establish the requisite conditions for relief pursuant to 28 U.S.C. § 1361.

8

## B. *Habeas petition under 28 U.S.C. § 2241*

We alternatively construe Dotson's motion asserting that his federal and Georgia state sentences should run concurrently as a challenge to the execution of his federal sentence pursuant to 28 U.S.C. § 2241.[4]  However, before we reach the merits, we note that Dotson filed his motion in the wrong federal district.  "A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is <u>confined</u>."  <u>Bradshaw</u>, 86 F.3d at 166 (emphasis added).  Dotson is currently incarcerated in the state of Georgia.  Thus, the district court in the Western District of Oklahoma lacked jurisdiction to consider this argument in a 28 U.S.C. § 2241 petition.

The "jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice."  <u>Haugh v. Booker</u>, 210 F.3d 1147, 1150 (10th Cir. 2000) (internal quotation marks omitted).  "Nonetheless, . . . a court is authorized [first] to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from

---

[4] We note that, to the extent his motion is construed as a habeas petition under 28 U.S.C. § 2241 challenging the execution of his federal sentence, Dotson is not required to obtain a certificate of appealability to appeal the district court's denial of relief.  <u>See</u> <u>Miller</u>, 594 F.3d at 1241 (explaining that a state inmate challenging the execution of his federal sentence is not required to obtain a certificate of appealability).

transferring a case which is clearly doomed." Id. (internal quotation marks omitted).

Based on our review of Dotson's motion and of the record, we conclude that a transfer is not in the interest of justice. "The exhaustion of available administrative remedies is a prerequisite for [28 U.S.C.] § 2241 habeas relief . . . ." Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). At no point does Dotson assert, and the record provides no evidence, that he pursued the available administrative relief within the Bureau of Prisons (BOP) prior to filing his motion in the district court. According to BOP Program Statement 5160.05 § 8, a BOP Regional Director may "designate a state institution for concurrent service of a federal sentence" when "consistent with the intent of the federal sentencing court or the goals of the criminal justice system."[5] A prisoner may request that BOP designate his state prison facility as the place of his federal confinement regardless of whether he is in state or federal custody. See id. § 9(b)(4)(b) ("This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution."); see also Eccleston, 521 F.3d at 1252 (discussing the BOP administrative relief that a state inmate pursued with regard to his undischarged federal sentence). Because Dotson has not pursued

---

[5] We note this BOP Program Statement only to suggest an avenue for exhaustion. We are not ruling on the merits of Dotson's contention that his federal and Georgia state sentences are to run concurrently.

10

available administrative remedies, habeas relief pursuant to 28 U.S.C. § 2241 cannot be granted. Thus, we conclude that a transfer of his motion is not in the interest of justice.

## III. CONCLUSION

Construing Dotson's motion as a habeas petition under 28 U.S.C. § 2241, we reverse and remand to the district court with instructions to vacate its denial of the relief requested and to dismiss the motion without prejudice.

Entered for the Court

Mary Beck Briscoe
Chief Judge

11