RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0220p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ERIC WAYNE DOTSON,

                *Petitioner-Appellant,*

   *v.*

GREGORY A. KIZZIAH, Warden,

                *Respondent-Appellee.*

No. 19-6372

---

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 6:19-cv-00251—Henry R. Wilhoit, Jr., District Judge.

Decided and Filed: July 17, 2020

Before: GIBBONS, COOK, and READLER, Circuit Judges.

---

### LITIGANT

**ON BRIEF:** Eric Wayne Dotson, Pine Knot, Kentucky, pro se.

---

### ORDER

---

Eric Wayne Dotson, a federal prisoner, appeals pro se the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

While incarcerated for a Kentucky state conviction, Dotson was convicted, in 1999 by a jury in the Western District of Oklahoma, of Hobbs Act robbery, use of a firearm during a crime of violence, and transportation of stolen goods. He was sentenced to 322 months of imprisonment to run consecutively to his Kentucky sentence. Dotson's federal sentence,

however, did not specify if his federal time would run concurrently or consecutively to any future state sentences. That omission would prove relevant the following year when Dotson, while still incarcerated in Kentucky, was convicted in a Georgia state court and sentenced to twenty years of imprisonment.

In 2004, Kentucky paroled Dotson into custody in Georgia, where he was incarcerated. In 2011, the Bureau of Prisons (BOP) declined to designate nunc pro tunc the Georgia state prison as the place where Dotson would serve his federal sentence. In so doing, the BOP contacted the federal sentencing judge in Oklahoma, who declined to make a recommendation and deferred to the BOP. Dotson filed a mandamus action seeking to order the BOP to alter that decision; mandamus was denied. *United States v. Dotson*, 430 F. App'x 679 (10th Cir. 2011). Dotson later filed a habeas corpus action under § 2241 arguing that he should not have been transferred from Kentucky to Georgia and that he should be serving his federal sentence; habeas corpus was also denied. *Dotson v. United States*, No. CV312-004, 2013 WL 1786568 (S.D. Ga. Mar. 7, 2013).

In 2019, Georgia released Dotson to federal custody. Dotson exhausted his remedies with the BOP in a failed attempt to have the time he spent in custody in Georgia credited to his federal sentence. Continuing that challenge, he then filed this habeas petition against the warden of the federal prison in Kentucky where he is incarcerated. The district court denied the petition, and Dotson now pursues the same arguments on appeal.

The district court correctly found that, to the extent Dotson's claims were or could have been raised in his § 2241 petition in the Southern District of Georgia, they were successive or an abuse of the writ, meaning the court need not address them. *See Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765–66 (6th Cir. 2008).

The district court nevertheless also addressed both of Dotson's claims on the merits. As to the first, the district court correctly found that Dotson's challenge to his 2004 transfer from Kentucky to Georgia custody instead of federal custody is meritless because the federal government is permitted to waive its primary jurisdiction in favor of a state as a matter of comity. *See United States v. Collier*, 31 F. App'x 161, 162 (6th Cir. 2002) (citing *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir. 1980)).

Turning then to Dotson's argument that the BOP should have designated Georgia as his place of federal imprisonment, this is in essence an argument that his federal sentence should run concurrently with his Georgia sentence. When a federal sentence fails to specify whether it is concurrent or consecutive to other sentences of imprisonment, the statutory default normally requires that terms of imprisonment imposed at different times run consecutively. *See* 18 U.S.C. § 3584(a). But this statutory default provision does not apply to a yet-to-be-imposed state sentence, which describes Dotson's Georgia sentence. *Setser v. United States*, 566 U.S. 231, 234 (2012) (noting that § 3584 "does not cover the situation here . . . [h]ere, the state sentence is not imposed at the same time as the federal sentence, and the defendant was not already subject to that state sentence"); *see also Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005); *McCarthy v. Doe*, 146 F.3d 118, 122 (2d Cir. 1998). While our precedent on the point has not been entirely clear, in light of *Setser* the federal sentencing judge's silence does not automatically relegate Dotson to a consecutive federal sentence. *Cf. United States v. Cook*, No. 11-2470, 2012 U.S. App. LEXIS 27209, at *11 (6th Cir. Dec. 3, 2012) (order) ("[I]n the face of the district court's silence, [defendant's] sentence should be deemed to have been imposed to run consecutively." (citing 18 U.S.C. § 3584 and *United States v. Quintero*, 157 F.3d 1038, 1040 (6th Cir. 1998), *abrogated by Setser*, 566 U.S. 231)).

How, then, to determine whether Dotson's federal sentence runs concurrently or consecutively to his Georgia sentence? The answer here lies in 18 U.S.C. § 3621(b). Section 3621(b) authorizes the BOP to designate a federal prisoner's place of imprisonment. 18 U.S.C. § 3621(b); *Setser*, 566 U.S. at 240. And so long as that decision does not conflict with either § 3584(a)'s default provision or a district court's explicit sentencing designation, the BOP's assignment will effectively resolve whether sentences are served concurrently or consecutively. For where the BOP assigns an inmate to serve his federal sentence in a state prison, that effectively makes the state and federal sentences concurrent. *See Setser*, 566 U.S. at 244 (explaining that in "determin[ing] how long the District Court's sentence authorizes it to continue [the prisoner]'s confinement," the BOP's place-of-imprisonment designation effectively answers whether a federal sentence runs concurrently or consecutively to a state sentence); *see also Rabb v. Wilson*, No. 1:13cv999 (TSE/TRJ), 2015 WL 731475, at *5 (E.D. Va. Feb. 19, 2015) ("Only when a federal judge does not mandate consecutive sentences does the BOP have

the ability to determine how best to implement the federal sentence, including determining whether the sentences should run consecutively or concurrently."); *Cole v. Thomas*, No. 03:12-CV-412-ST, 2012 WL 3536808, at *2 (D. Or. Aug. 15, 2012) (stating that the BOP "through its authority in § 3621, can make decisions that would effectively result in a concurrent or consecutive sentence, as long as the [BOP]'s decision comports with § 3584").

To be sure, § 3621(b) "does not confer authority to [the BOP to] choose between concurrent and consecutive sentences," nor does it "giv[e] the [BOP] what amounts to sentencing authority." *Setser*, 566 U.S. at 239. But at the same time, the Supreme Court has explained, "someone must decide the issue." *Id.* at 237 (emphasis omitted). And when the federal court is silent, that "someone" ultimately is the BOP. *Cf. Hawk-Sawyer*, 403 F.3d at 76 (acknowledging potential separation of powers concerns).

Here, the BOP decided not to credit Dotson's time in Georgia prison toward his federal sentence, effectively determining that the two sentences run consecutively. Failing to designate Dotson's period of incarceration in Georgia as the service of his federal sentence was not an abuse of discretion. The federal sentence, although imposed before the Georgia sentence, could be ordered to run consecutively. *See Setser*, 566 U.S. at 244. In fact, under 18 U.S.C. § 924(c)(1)(D)(ii), at least sixty months of the federal sentence could not be served concurrently with any other sentence. Further, the BOP properly consulted the federal sentencing judge and considered the other pertinent factors including the seriousness of the offenses and Dotson's criminal history. *See Elwell v. Fisher*, 716 F.3d 477, 486–87 (8th Cir. 2013); *Alvarez v. Schultz*, 312 F. App'x 495, 497 (3d Cir. 2009); *Cruz v. Wilson*, No. 11-5471, 2012 U.S. App. LEXIS 13613 (6th Cir. Apr. 26, 2012) (order). No abuse of discretion occurred.

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk